## JOHN ROSSITER v. JESSE COOPER.

*Contract for service. Notice of intention to leave. Right to sue.*

The plaintiff agreed to labor for the defendant one year, for which the defendant was to pay the plaintiff $104,00 in money, when the plaintiff should have finished his labor; and it was also agreed, that if the plaintiff should become dissatisfied and wish to leave the defendant's employ, he might do so, by giving the defendant fourteen days' notice of such intention to leave, and the defendant was to have the right to discharge the plaintiff, by giving him one day's notice of his intention to discharge him. And it was held, that, by the terms of the contract, either party, upon becoming dissatisfied, was at liberty to put an end to the contract, without informing the other party of the ground of his dissatisfaction, and without in fact having any satisfactory reason for such dissatisfaction.

And the plaintiff having left the service of the defendant, before the expiration of the year, after giving the required notice, it was held, that he was entitled to sustain immediately an action for the labor performed by him, without waiting for the expiration of the year.

BOOK ACCOUNT. The suit was commenced June 7, 1850. Judgment to account was rendered in the county court, and an auditor was appointed, who reported the facts substantially as follows.

The plaintiff's account was for six months' labor for the defendant, at $8,00 per month, and he had credited $7,50, as part payment. The defendant admitted, that the plaintiff had labored faithfully for him six months, but he claimed, that the labor was performed under a special contract, with the terms of which the plaintiff had not complied. It appeared, that in October, 1849, it was agreed between the parties, that the plaintiff should labor for the defendant two months, on trial, at $8,00 *per* month; and the plaintiff accordingly commenced his labor, October 18, 1849, and labored until the day preceding the expiration of the two months, when the parties made a second contract, by which it was agreed, that the plaintiff should continue in the employ of the defendant ten months longer, making one year from the time he commenced, and for the whole year's labor the defendant was to pay the plaintiff $104,00 in money, when the plaintiff should have finished his labor; and it was farther stipulated, that if the plaintiff should become dissatisfied, and

wish to leave the defendant's employ, he might do so by giving the defendant fourteen days' notice of such intention to leave, and the defendant was to have the right to discharge the plaintiff, by giving him one day's notice of his intention to discharge him. The plaintiff did become dissatisfied with his situation in the service of the defendant, and, after giving the defendant fifteen days' notice, he left his service,—the plaintiff saying to him, that he must not leave, as he had hired him for a year. The defendant asked the plaintiff, at this time, what reason he had for leaving; but it did not appear, that any reason was at that time assigned by the plaintiff; and the auditor found, that the plaintiff had no reason for leaving the defendant's service, which, in case of an unconditional contract to labor for an entire term, would have justified him in so doing. The auditor reported, that if the plaintiff was entitled to recover only for the first two months' labor, there was due to him from the defendant $8,50 ; but that, if he was entitled to recover for the whole six months' labor, there was due to him from the defendant $36,50.

The county court, December Term, 1850,—POLAND, J., presiding,—rendered judgment for the plaintiff, upon the report, for $36,- 50. Exceptions by defendant.

*J. Cooper, pro se.*

1. There was nothing due to the plaintiff, at the time this suit was commenced. There was but one time fixed for payment, and that was at the expiration of the year. This action cannot be sustained for services, payment for which is not due. *Frye* v. *Slyfield*, 3 Vt. 246. *Eddy* v. *Stafford*, 18 Vt. 235. *Scott* v. *Montague*, Ib. 164. The contract was entire, and the report expressly finds, that the services were to be performed, before the plaintiff was entitled to any pay. No recovery is allowable in the case. *St. Albans S. B. Co.* v. *Wilkins*, 8 Vt. 54. *Brown* v. *Kimball*, 12 Vt. 617. *Hair* v. *Bell*, 6 Vt. 35. *Ripley* v. *Chipman*, 13 Vt. 268. *Philbrook* v. *Belknap*, 6 Vt. 383.

2. The condition would not change the rights of the parties. The same language is used, relative to dissatisfaction, in the report, that was used in *Seaver* v. *Morse*, 20 Vt. 620. The court say expressly, in that case, that, to justify an abandonment, there must be a cause for dissatisfaction. Here there was none given, and none in fact existed.

*H. F. Prentiss* for plaintiff.

This was a conditional contract. It was optional with the plaintiff to continue his labor one full year, or not. The right to leave, by the plaintiff, and the right to discharge the plaintiff, by the defendant, were mutual, and were incorporated in the contract at the time of making, and with the full understanding of the parties. The question of dissatisfaction is not to be made in this case, or, if to be made, it is a question of dissatisfaction which might appear reasonable to the plaintiff, though unreasonable to the rest of the world. The case of *Seaver* v. *Morse,* 20 Vt. 620, differs from this case.

The opinion of the court was delivered by

KELLOGG, J. The defendant objects to the judgment of the court below, insisting that if the plaintiff is entitled to any remuneration for his services, he is not entitled to recover in the present suit, for the reason that there was nothing due the plaintiff at the commencement of the suit.

It appears, that the services charged in the plaintiff's account were rendered under a contract with the defendant to labor for him one year, which period had not expired, when this suit was brought. This, however, was not an absolute, unconditional contract, to continue for an entire year, but the plaintiff, by the terms of the agreement, had the right to put an end to it, by giving the defendant fourteen days' notice, if at any time the plaintiff should become dissatisfied ; and the defendant, if he became dissatisfied, had the right to dismiss the plaintiff upon giving one day's notice. The plaintiff, at the expiration of six months, having become dissatisfied, and having given the previous notice required by the contract, left the defendant's service.

It seems to us quite clear, that, by the terms of the contract, either party, upon becoming dissatisfied, was at liberty to put an end to the contract; and that such party was under no legal obligation to apprise the other party of the grounds of his dissatisfaction. This case is distinguishable from that of *Seaver* v. *Morse,* 20 Vt. 620. There either party had the right to terminate the contract, upon becoming dissatisfied, " *provided, when the cause of dissatisfaction was made known, is could not be removed.*" No such qualification is attached to the agreement in this case. Hence we think the plain-

tiff was at liberty, at any time when he became dissatisfied, to terminate the contract, although he might have no satisfactory reason for such *dissatisfaction*.

The report shows, that the defendant was to pay the plaintiff, " when he should have finished his labor." The service was not rendered upon a contract to be paid for at the expiration of a year, unless the service of the plaintiff so long continued. Payment was to be made, when the service was completed. The plaintiff had done all he was bound to do, and his right of action had accrued, before the suit was commenced.

Exceptions overruled, and judgment of county court affirmed.