By the Court. Pierrepont,
J.—The plaintiff had been a member of the association more than “ two year;" had paid in his money, and, so far as appears, was “ clear of the books.” He had given the requisite notice of his intention to withdraw, alleging sickness and misfortune, which had rendered him unable to continue the payment of his subscription. The defendants having taken issue upon the allegations of sickness and misfortune, the plaintiff offered to prove them; but the Judge excluded the evidence as irrelevant.
The plaintiff, upon this argument, contends that, had he been permitted to show, that by reason of misfortune and sickness in his family, he was unable to continue the payment of his dues, he was then prepared to prove, that the condition of the association was such, that there was no legal or equitable objection to a repayment of the money as claimed by him, but that he was prevented in the outset from giving any evidence on the ground of irrelevancy.
In this view, we think the ruling was erroneous. Proof of the facts, which the plaintiff offered to establish, was, certainly, the first and appropriate step in the plaintiff’s case; and if he could not be permitted to prove them, no evidence of the condition of the association, nor any other evidence could be of any avail to him.
If the plaintiff had proved what he offered to prove, and had proved, in addition, such facts relating to the condition of the association as in law and good conscience ought to have satisfied the trustees, as to the grounds of the plaintiff’s withdrawal, then we think he not only had a right to withdraw, but was also entitled to a return of his money; and as his first step, we think, he had a right to give the evidence which was excluded.
The defendants insist, that the plaintiff must first show, that “ the trustees were satisfied as to the grounds of withdrawal.”
*386 How the plaintiff was to prove that fact, it is not easy to see. To prove that trustees of a corporation are satisfied as to the grounds of withdrawal, when that withdrawal takes money with it, would be difficult.
We think the statute of 1851, under which this association was formed, gives no such arbitrary power to trustees, and imposes no such impossible conditions upon a member’s right to a return of the subscription money paid by him to the association, who desires to withdraw from that association, by reason of sickness and misfortune.
New trial ordered, with costs to abide the event*

 This case should, probably, he understood as merely deciding, that it is possible that a member’s right to withdraw, and to a return of his money, may be perfect, although the board of trustees may have omitted, or declined to express themselves satisfied as to the grounds of his withdrawal.
The point is not decided, that in a case fairly calling for the exercisfe of judgment, whether the alleged grounds exist, or if a member has suffered from sickness, or misfortune; whether they have actually disabled him from continuing the payment of his subscription to the society; or whether they have merely made it inconvenient or undesirable to the member: the dissatisfaction of the board of trustees, as to the grounds of withdrawal, would not conclude him, and be an answer to a suit to recover back the money paid.
This case cannot be regarded as deciding, that if the association is in debt, and ' its assets are barely sufficient to pay its debts, much less, if they are insufficient, that a member, however unfortunate and poor, can withdraw and coerce a return of the whole amount of subscription paid by him to the association. The opinion clearly intimates the contrary
The shareholders are declared, by the statute under which the association is organized, “ liable to the creditors of the said association, to an amount equal to the amount of stock held by them respectively, for all debts contracted by such association.”—Laws of 1851, p. 234, § 11.
In passing upon the truthfulness or sufficiency of the alleged grounds of withdrawal, and the extent to which they may affect a member’s ability to continue the payment of his subscription; the board of trustees owe a duty, not only to the other members of the association, but to its creditors; and by the law of its organization, their satisfaction, as to the grounds of withdrawal, would seem to be a condition, as the. general rule, to any member's right to withdraw, and be refunded the amount he may have paid on his subscription to the association.—Rep.