HENRY DEAN *v.* LESTINA L. DEAN'S ESTATE.

*Gift. Evidence. Admissions. Charging Jury.*

In an action to recover money claimed by the plaintiff to have been given to him by his deceased wife in her life-time, the testimony of witnesses that the wife said in substance during her last sickness that she had given her personal property to her husband, also expressions in a letter of the wife to her husband that he could have the money after a date named and asking what he would have done with it, *held* admissible as tending to show the gift.

43

Dean v. Dean's Estate.

When an admission of a party is given in evidence against him, whatever was said by the party at the time the admission was made that would in any way qualify or explain it, is also admissible.

Therefore where the admissions of the plaintiff were proved by the probate judge as a witness for the defendant, as made in the plaintiff's testimony in the hearing of the cause before him, it was *held* that the county court erred in allowing the probate judge to read on cross-examination any more of his minutes of the plaintiff's testimony than would come within the above rule.

The defendant introduced a witness, who was present at the hearing before the probate court, and proved by him that the plaintiff there testified that the pass-book in question was in a casket in his wife's trunk, and that he took it out after her death. Upon cross-examination he was inquired of if at that hearing the plaintiff did not state that his wife gave him the money, and he replied, under objection, that the plaintiff claimed that his wife intended to give him the money. *Held* that this was inadmissible, it not being explanatory of his admissions.

In this action for the above purpose and under the facts of the case, it was *held* that the county court erred in their charge to the jury in not instructing them what would constitute a valid *donatio causa mortis*, and a gift *inter vivos*. And the court erred in their instructions upon the question of delivery and upon the question of the plaintiff's possession of the pass-book in question.

It is error for the court to instruct the jury that they may find a material fact, when there is no evidence in the case which has a tendency to prove it.

APPEAL from the probate court, in which the plaintiff seeks to recover a sum of money in the hands of the administrator of Lestina L. Dean, who was formerly the wife of the plaintiff. Plea, the general issue, and trial by jury, April term, 1870, WILSON, J., presiding.

The money in question came to Mrs. Dean by inheritance, and was deposited by her in her own name, in the Windham Provident Institution for Savings, at Brattleboro, in 1863, and a certificate of deposit, or pass-book, was delivered to her at the time of the deposit, by the officers of the bank, and in accordance with the rules and regulations of the bank. This money remained in the bank until after her decease, (with the exception of $25 drawn out by Mrs. Dean herself in June, 1867,) and was paid to her administrator by the bank. During her life-time the plaintiff exercised no control over this money, and no question was made but that it was the separate property of Mrs. Dean.

The plaintiff claimed to recover the money of Mrs. Dean's administrator on the ground of a parol gift from Mrs. Dean to her husband, the plaintiff.

The plaintiff introduced Truman Dean as a witness, who testified, under objection, that during her last sickness Mrs. Dean said to him, that " what she had she had given to her husband, Henry

Dean ;" that " she expected he would have everything she had got ;" to which the defendant excepted.

The plaintiff also introduced M. R. Tyler as a witness, who testified, under objection, that a short time before her death, Mrs. Dean stated to him that " all of her personal property she had given to Mr. Dean ;" that " that money south, or the money in the bank, she had given to him ;" to which the defendant excepted.

The plaintiff also introduced a letter written by Mrs. Dean to her husband, under date of June 4, 1867, the following extracts from which were, under objection from the defendant, admitted and read to the jury :

" You can have that money and interest after the second Tuesday in July next."

" You write, and tell me what you will have done with the money."   " Write to Newark, N. J., 195 Walnut Street."

To the admission of this testimony the defendant excepted.

It appeared on trial, that at the hearing before the probate court for a decree of distribution, the plaintiff, under objection from defendant's counsel, was permitted to and did testify generally in relation to the alleged gift, and that the judge of probate took minutes of his testimony on that occasion.

The plaintiff offered himself as a witness on this trial, to prove his title to the money in question, and to prove the alleged gift, but the court excluded the testimony, but permitted the witness to be inquired of, and the witness testified, under objection from the defendant, that after the appointment of administrator upon Mrs. Dean's estate he delivered the certificates of deposit, or passbooks, to the administrator, and that he claimed to the administrator on that occasion that the money in question was his, the witness's, property.   To the admission of this testimony the defendant excepted.

The defendant introduced the judge of probate to prove that, at the hearing before the probate court, the plaintiff testified on cross-examination that he did not get possession of the certificates of deposit or pass-books in question until after Mrs. Dean's decease, and that he (the plaintiff) did not give notice to the bank that he claimed the money as his own until after Mrs. Dean's decease.

The witness so testified, and on cross-examination he was inquired of if he did not take minutes of the plaintiff's testimony before the probate court, and the witness having said he did, he was inquired of if his minutes contained any such statement as that he had testified to, and the witness having stated that he could not tell without looking over his minutes, he was permitted, under objection, to read from his minutes, as follows : "The arrangement was made in May, 1867, and we had a talk about it when she returned, and I did not take possession of the pass-books· until after her death. She did not keep them excluded from me. I let her have them."

The witness was then proceeding to read aloud to the court and jury his minutes of the plaintiff's entire testimony before the probate court, when the defendant's counsel interposed and objected.

The plaintiff then offered to show by this witness all that the plaintiff testified to before the probate court, either from the recollection of the witness, or by the aid of his minutes.

The defendant objected to proof of what the plaintiff testified to before the probate court, except upon the points drawn out on the examination in chief, to wit: 1st, as to the time the plaintiff 'got possession of the certificates of deposit, or pass-books ; and 2d, as to whether he notified the bank before Mrs. Dean's death that he claimed the money as his own. (It was conceded by plaintiff that he gave the bank no notice till after Mrs. Dean's death.)

But the court overruled the objection, and admitted the testimony, and the witness read aloud to the court and jury his minutes of the plaintiff's entire testimony before the probate court.

To the admission of this testimony, except upon the points drawn out upon the examination in chief, and to the reading of the minutes taken by the witness, the defendant excepted.

It appeared that Mrs. Dean left heirs at law, a brother and a sister.

The plaintiff introduced no other testimony in the case.

The defendant introduced a witness, who testified that he was present at the hearing before the probate court, and heard the plaintiff testify on this occasion, under objection from the defendant. The witness was asked whether the plaintiff was inquired

of, on cross-examination, as to what time he got possession of the pass-books, and the witness testified that the plaintiff's answer was that the books were in Mrs. Dean's trunk in a little casket where she kept valuable papers; and that he (the plaintiff) took them out after her decease. On cross-examination, the witness was inquired of if the plaintiff did not state, at the hearing before the probate court, that Mrs Dean gave him this money. The defendant objected, but the court overruled the objection, and the witness testified that the plaintiff claimed that Mrs. Dean intended to give him the money, to which the defendant excepted.

The defendant requested the court to charge the jury:

1st. That the plaintiff, on the conceded facts in the case, is not entitled to recover; that a married woman cannot at law make a valid gift to her husband.

2d. That even if a married woman can make a valid gift, actual delivery is necessary; that the delivery necessary in this case is an actual delivery of this money by the bank to Mr. Dean, on the order and by the direction and with the knowledge and consent of Mrs. Dean in her life-time; that unless the jury find these facts from the testimony they cannot render a verdict for the plaintiff.

3d. That if this is not necessary to constitute a valid delivery so as to vest the title to this money in Dean, still the jury must find from the testimony that Mrs. Dean, in her life-time, ordered and directed the bank to pay this money to Mr. Dean, and that such order was presented to and accepted by the bank, and that unless the plaintiff establishes all these facts by a fair balance of testimony, he is not entitled to recover.

4th. That the pass-books coming into the hands of Dean after the decease of Mrs. Dean is not evidence of delivery.

5th. That if the jury find from the testimony the most unequivocal intention on the part of Mrs. Dean to give this money to Mr. Dean, still, if this intention was not followed by an actual delivery, the gift is inoperative and void, both at law and in equity, and that proof of such intention does not tend alone to prove a delivery.

6th. That the testimony of Mr. Tyler and Truman Dean that Mrs. Dean, during her last sickness, said she had given all her property to her husband, is insufficient to prove a gift.

But the court refused so to charge, and did charge the jury that if they found that the gift was made, and found that the

plaintiff kept his papers, or some of them, in the same trunk in which the pass-books were kept, and kept them there after the gift and before her death, and had access to the trunk and possession of it and of the pass-books, it will tend to show a delivery of the pass-books in pursuance of the gift, and tend to show a delivery of the gift in the life-time of the said Lestina ; and that if upon the whole evidence the jury found that the plaintiff, after the gift (if the jury found one was made) and before and at the time of her death, kept his papers in the same trunk in which the pass-books were kept during the time, and that he had during that time access to the trunk, and possession and control of the trunk, and exclusive possession and control of the pass-books in pursuance of the gift, it will constitute a sufficient delivery of the gift ; or if the jury found that she made the gift, and found that the trunk in which the pass-books were kept was in the joint possession of the plaintiff and the said Lestina after the gift, and before and at the time of her death, and that the plaintiff and the said Lestina, during that time and at the time of her death, used said trunk, and that each of them kept his or her papers there during that time, and find that the plaintiff, during that time and at the time of her death, had possession and control of the trunk for the purpose of keeping his papers there, and that he had exclusive possession and control of the pass-books in pursuance of the gift, and kept the pass-books in that trunk during the time, because he used the trunk for the purpose of keeping his papers there, this would constitute a sufficient delivery of the gift ; that if the jury found that she made the gift, and that the gift was accompanied by a delivery of possession of it to the plaintiff in the life-time of the said Lestina, the gift would not be defeated by letting the pass-books go back into her custody for the purpose of carrying them to Brattleboro in 1867, or for any other purpose, unless the gift was revoked by her.

To the refusal of the court to charge as requested, and to the charge of the court upon the subject of the gift, and upon the question of the delivery, the defendant excepted.

*Davis & Adams* and *H. S. Royce*, for the defendant.

*M. R. Tyler* and *Benton & Cross*, for the plaintiff.

The opinion of the court was delivered by

Royce, J. The first exceptions taken in the county court were to the rulings of the court in the admission of the evidence given

by Dean and Tyler, and the extracts read from the letter of June 4th, 1867. We think that all of this evidence had a tendency to prove the making of the gift under which the plaintiff claimed title to the money in controversy, and was properly admitted for that purpose, and the objection to the testimony of the plaintiff was not well taken. He was only permitted to testify to facts which transpired after the appointment of an administrator upon defendant's estate ; and this testimony came within the proviso to sec. 24 of chap. 36 of the General Statutes, which permits a party to testify as to such acts and contracts as have been done or made since the probate of the will or the appointment of the administrator.

It appears from the bill of exceptions, that upon a hearing of this case before the probate court for a decree of distribution, the plaintiff, under objection from defendant's counsel, was permitted to, and did, testify generally in relation to the subject matter of the gift. The defendant introduced the judge of probate as a witness, and proved by him that upon that occasion the plaintiff, in his cross-examination, testified that he did not get possession of the certificates of deposit, or pass-books, (which were the evidences of title to the money in question,) and did not give notice to the bank in which the money was deposited, and which was the subject of the alleged gift, that he claimed the money as his own, until after the defendant's death. It appeared that the judge of probate took minutes of the testimony which the plaintiff gave at said hearing. Upon the cross-amination of this witness, the plaintiff claimed the right to have the witness read the whole of said minutes as evidence to the court and jury. The defendant objected to their being read, but the objection was overruled, and the witness was permitted to read the whole of said minutes as evidence in the case : thus, after the plaintiff had been properly excluded as a witness, giving him the benefit, as evidence, of all he had testified to in relation to the same subject matter before the probate court. We understand the rule upon this subject to be, when an admission of a party is given in evidence against him, that whatever was said by the party at the time the admission was made, that would in any way qualify or explain it, is also ad-

missible. And we think the court erred in permitting the witness to read any portion of his minutes that did not come within this rule.

It further appears that the defendant introduced a witness who was present at the hearing before the probate court, and proved by him that the plaintiff then testified that the pass-books were in a casket in Mrs. Dean's trunk, and that he took them out after her death. Upon the cross-examination of this witness, he was inquired of if, at the hearing before the probate court, the plaintiff did not state that Mrs. Dean gave him the money. The defendant objected to the witness answering this question, but the objection was overruled and the witness was permitted to answer it. The rule of evidence, which precludes a party from proving his declarations in his own favor, clearly renders this kind of evidence inadmissible, unless it comes within the above rule, as being explanatory of the admission which the witness had previously testified to. There is nothing in the case to show that the answer could be treated as thus explanatory, and hence we think the court erred in admitting it. The defendant also excepted to the charge of the court and the refusal to charge as requested. We think it was the duty of the court to instruct the jury what facts it was necessary for them to find to constitute a valid *donatio causa mortis* of the money in question, and to make a gift *inter vivos*, which would have been binding upon the parties. The facts necessary to constitute a *donatio causa mortis* have been so well and fully stated in the opinion of the chief judge in the recent case of *French, Adm'r*, v. *Raymond*, 39 Vt., 623, that they need not be repeated here. These requisites, or the most important of them, were not even alluded to by the court in the charge to the jury. The evidence is all detailed and referred to in the exceptions, and we are unable to find any evidence that the gift, if any was made, was made upon any condition ; and yet, under the charge of the court, the jury were left at liberty to find, and for aught that appears may have found, a *donatio causa mortis* of the money in controversy. Gifts *inter vivos* have no reference to the future, and go into immediate effect ; and in order to constitute a valid gift of this character, there must be evidence of an unequivocal intention

upon the part of the donor to convey his interest in the property donated to the donee, and such a delivery of the property donated as to divest the donor of all possession or control over it. 2 Kent's Com., 438–439. But the court, in the charge, said that "if they (the jury) find the gift was made," then they were at liberty to consider certain facts as evidence to show a delivery of the gift in the life-time of the donor. The court should have instructed the jury that the delivery must be proved, to justify them in finding that the gift was made, and that it was incomplete without it. We think the court erred in instructing the jury that they might find a sufficient delivery of the gift from the kind of possession and control of the pass-books which the evidence showed that the plaintiff had over them; and we are unable to find any evidence that justified the court in instructing the jury that they might find that the plaintiff had the exclusive possession of the pass-books at any time; and it is clearly error for the court to instruct the jury that they may find a material fact, when there is no evidence in the case which has a tendency to prove it. *Manwell, Adm'x*, v. *Briggs*, 17 Vt., 176.

The judgment of the county court is reversed and the cause remanded.