THOMAS F. MOORE

*v.*

JAMES P. ROBINSON.

1. CONTRACT—*money paid—non-performance.* A person having been indicted
for an alleged offence, his brother paid to an attorney at law a sum of money,
and also gave to him his promissory note for a further sum, the agreement
being that the attorney should defend the party so indicted, and procure his
acquittal and discharge at a certain specified term of the court in which the

indictment was pending, it being further specially agreed that if the accused should not be released at the time mentioned, the attorney was to return the money and the note. The accused failed to appear at the term specified to answer to the indictment, so the attorney, without any fault on his part, was unable to proceed with the trial or to procure the discharge of the accused: *Held*, the contingency upon which the attorney was to be entitled to retain the money and to collect the note, not having occurred, he was liable to an action for the money, and could not recover upon the note.

2. But for what services the attorney in good faith rendered, in pursuance to the terms of the agreement, before ascertaining that its performance had become impossible, he was entitled to compensation, and that sum he could rightfully retain out of the money he had received.

APPEAL from the Circuit Court of Jefferson county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

Mr. C. H. PATTON, for the appellant:

The appellee is liable upon his agreement to return the money, notwithstanding there was no fault on his part. *Hale* v. *Rawson*, 4 Com. Bench, 93; *Bute* v. *Thompson*, 13 Exch. 486; *Hills* v. *Sughrue*, 15 id. 253; 2 Chit. Cont. (11 Am. Ed.) 1074, and note u; id. 1086, and cases in notes; *Thurnell* v. *Balbirnie*, 2 Exch. 787; *Worsley* v. *Wood*, 6 T. R. 710; 2 Par. Cont. 673; *Shubrick* v. *Salmond*, 3 Burrows R. 1637; *Hand* v. *Bayne*, 4 Wharton (Pa.) 204; *Beebe* v. *Johnson*, 19 Wend. 500; *Harmony* v. *Bingham*, 2 Kernan, 107, 115; *Maryon* v. *Caster*, 4 Carr. & P. 393; *Dehler* v. *Held*, 50 Ill. 491; *Swartz* v. *Saunders*, 46 Ill. 21; *Bacon et al.* v. *Cobb et al.* 45 Ill. 47.

Per CURIAM: Assumpsit by appellant against appellee, to recover money paid on the following agreement:

"$1000.                *Springfield, Ill., Jan.* 26, 1875.

Received of Thomas Moore one thousand dollars, in consideration of my agreeing hereby to defend his brother, James Moore, who is indicted for having in possession and passing counterfeit money, and secure his acquittal and release from said charge in full, and forever keep him harmless from the same. And I specially agree that he shall be set at full lib-

erty at the June term of U. S. District Court, A. D. 1875. Six hundred dollars of said amount is paid to me in cash, and the other four hundred paid in a note of the said Thomas Moore, due first day of July, A. D. 1875. I further and specially agree that if said James Moore is not released at said time, I will pay back to said Thomas Moore the six hundred dollars paid me in cash, and deliver to him his note for four hundred dollars given this day, with ten per cent interest from the date hereof.

    [Signed]                    JAMES P. ROBINSON."

James Moore did not appear at the June term, 1875, or at any subsequent term of the United States District Court, to answer to the indictment pending against him, and has not been tried upon or released from said charge. Neither appellant nor appellee is shown to be in anywise in fault for the non-appearance of James Moore to answer to the indictment. It is very clear that the only contingency upon which appellee was entitled to retain the $600 paid him, and to collect the $400 note, was the legal acquittal of James Moore upon a trial in the United States District Court. Appellee, by his contract, stipulated that he should retain the money and the note only upon the happening of that contingency. Both parties manifestly contemplated that James Moore should appear and answer to the charge, and his failure to do so is equally a surprise to both, and there is neither reason nor justice in holding that this shall operate to the prejudice of appellant. He has not received what he agreed to pay for, and appellee has that which he agreed to refund if appellant did not receive the stipulated consideration. What appellee in good faith did, pursuant to the terms of the agreement, before ascertaining that its performance had become impossible, he is entitled to compensation for, and this should be deducted from the $600. The balance appellant is entitled to have judgment for.

The judgment is reversed and the cause remanded.

                                *Judgment reversed.*