[Opinion delivered May 4, 1883.]

J. S. DAUGHERTY v. WM. M. MOON ET AL.

(Case No. 4766.)

1. SHERIFF — JUDGMENT.— It is the duty of a sheriff who has an execution in his hands, to obey all lawful instructions of the owner of the judgment on which it issued in making a levy and sale. When one, other than the judgment creditor, or his recognized attorney, assumes to direct him, he is not bound to obey, unless such party has the legal or equitable title to the judgment. The owner of the judgment has the right to control the execution, even as against his own attorney of record.

2. PRINCIPAL AND AGENT — POWER COUPLED WITH AN INTEREST. — An agent, whose power of attorney to collect a judgment gives him an interest, not in the judgment itself, but in its proceeds when collected, has, in legal contemplation,

no such "power coupled with an interest" as will preclude the owner from revoking the agency before the judgment is collected. If he so revokes it, the agency is gone, and the agent can have no cause of action against a sheriff who afterwards refuses to obey his order to sell under execution issued on the judgment.

3. POWER COUPLED WITH AN INTEREST.— A power coupled with an interest, as applicable to a power of attorney, exists when the interest of the attorney is established in the subject on which the power is to be exercised; it does not exist when the "interest" is only in that which is to be produced by exercising the power.

APPEAL from Dallas. Tried below before the Hon. George N. Aldredge.

The cause of action as presented in plaintiff's petition as against W. M. Moon and the sureties on his bond as sheriff of Dallas county, was that one Petrie, on the 8th day of July, 1878, by his letter of attorney, authorized and empowered appellant to collect a judgment recovered by him against H. G. Bohny for the sum of $621.54, and stipulating therein that appellant might retain one-half the amount he might collect for the services to be rendered by appellant in collection; that appellant caused an execution to issue on the judgment on the 12th day of July, 1878, and delivered the same to the defendant Moon, as sheriff of Dallas county, who levied on a sufficient amount of the judgment debtor's property to make the debt, interest and costs out of the property pointed out by appellant; and that appellant was prevented from making said money by Petrie attempting to revoke the power of attorney August 6, 1878, and by the appellee Moon, as sheriff of Dallas county, returning that and another execution issued in the cause by order of the attorneys of record of Petrie, the plaintiff in execution, and by defendant Moon, as sheriff, obeying the attorneys of record of said plaintiff in execution, and refusing to obey the instruction of appellant.

The letter of attorney appointed the appellant J. S. Daugherty his attorney to collect the judgment, giving him full powers in regard thereto, and authorized him to sue out, manage and control the executions issued on the judgment, and to perform any and all acts in regard thereto that Petrie himself could do; and as a fee to his attorney so appointed, Petrie agreed with his attorney, by the power of attorney, as follows: "And my said attorney, for his services herein, and by means of the premises, is hereby authorized to retain and keep one-half of the amount he may collect on said judgment, and to remit and send the balance in money to me upon my order hereafter to be given by letter."

*H. Barksdale, W. C. Wolf* and *A. H. Field*, for appellant, cited Story on Ag., secs. 466, 467, 468, 474, 478; Hunt *v.* Rousmanier, 8

Wheat., 202, 203, 204, 207, 209; Brown & Co. v. McGran, 14 Pet., 494, 495. See Hanley v. Donoghue, Central L. J., March 9, 1883, p. 192.

*A. W. Nowlin* and *Coombes & Gano*, for appellees, cited Cleveland v. Williams, 29 Tex., 204; Barr v. Schroeder, 32 Cal., 609; Brown v. Pfror, 38 Cal., 552; Blackstone v. Butterman, 53 Pa. St., 266; S. C., 7 Am. Land Reg., 108; 7 Am. Land Reg., 106; Whart. on Ag., sec. 95; 1 Pars., sec. 70.

STAYTON, ASSOCIATE JUSTICE.— The appellant having dismissed the suit as to the defendant Petrie, it becomes unnecessary to consider any question as to what right the appellant might have for compensation for any services he may have rendered under the agreement between them.

Whether or not the appellant acquired an irrevocable power to collect the judgment against Bohny, and to appropriate one-half of the sum so collected to his own use, depends upon whether or not the power conferred upon the appellant by Petrie was "a power coupled with an interest."

The rule upon this subject is thus laid down by Chief Justice Marshall in the case of Hunt v. Rousmanier, 8 Wheat., 203: "What is meant by the expression, 'a power coupled with an interest?' Is it an interest in the subject on which the power is to be exercised, or is it an interest in that which is produced by the exercise of the power? We hold it to be clear that the interest which can protect a power after the death of a person who creates it must be an interest in the thing itself. In other words, the power must be engrafted on an estate in the thing. The words themselves would seem to import this meaning. 'A power coupled with an interest' is a power which accompanies, or is connected with, an interest. The power and the interest are united in the same person. But if we are to understand by the word 'interest,' an interest in that which is to be produced by the exercise of the power, then they are never united. The power to produce the interest must be exercised, and by its exercise is extinguished. The power ceases when the interest commences, and therefore cannot, in accurate law language, be said to be 'coupled' with it."

No interest whatever in the judgment was conveyed to the appellant by Petrie's power of attorney to him; it was not made to secure to the agent an existing right or obligation, but solely as a means by which Petrie was seeking to collect his judgment, out of

which, if collected by him, the appellant was to receive as compensation a named part of the sum collected.

This case, in its facts, is very similar to the cases of Hartley and Minor's Appeal, 53 Pa. St., 212; Blackstone v. Butterman, 53 Pa. St., 266, in which it was held that powers were revocable.

The legitimate inference from the petition is that Good, Bower and Coombes were the attorneys of record who had obtained the judgment in favor of Petrie, and that the power of attorney executed by Petrie on the 8th of July to the appellant was revoked on the 6th of August succeeding.

Under such circumstances the law does not impose upon a sheriff who has process in his hands the duty of determining at his peril whether, in executing it, he shall obey the instructions of the undoubted owner of the judgment under which the process issued, or the instructions of his recognized attorneys, or shall obey the instructions of a person who claims nothing more than an agency, out of the exercise of which he expects to become entitled to a portion of the proceeds of the property to be sold under the process, and this where the power of such person is denied by the owner of the judgment.

It is the duty of a sheriff who has process in his hands to obey all lawful instructions of the owner of the judgment in its execution, and he that assumes the right to control such officer, if he be not the person in whose favor the judgment was rendered, or his recognized attorney, must clothe himself with the legal or equitable title to it. Any other rule would lead to interminable difficulty, and every sheriff would have to judge at his peril as to the collateral rights of every person who might set up a claim. An execution is the process of the owner of the judgment, and he has the right to control it even as against his own attorney of record.

In the case of Crenshaw v. Harrison, 8 Ala., 343, the rule is thus expressed: " Generally speaking, the sheriff is a mere executive officer, and is bound to pursue the mandate of the process in his hands, unless otherwise instructed by the plaintiff upon the record, or by his attorney; beyond this, it is possible he may be permitted to recognize the interest of a stranger, if that interest is admitted by the plaintiff on the record, or his attorney. But he is not authorized to constitute himself a judge to determine questions of conflicting interests. To permit him to do so would lead to the greatest abuse." Many authorities upon this subject are cited in Patton v. Hamner, 28 Ala., 622.

The petition stated no cause of action against the sheriff Moon and the sureties upon his official bond, and the demurrer was properly sustained.

The judgment is affirmed.

AFFIRMED.

[Opinion delivered May 4, 1883.]