# Robert Jones v. Graham & Morton Transportation Company.

*Maritime contracts of employment—Discharge of employee.*

State courts have jurisdiction at common law over actions on contracts for the employment by a vessel-owner of a captain or master for his vessel.

A vessel-captain can maintain assumpsit on common and special counts against his employer, the owner of the vessel, for a breach of the contract of employment by discharging him before the expiration of the period for which he was hired.

The words "I am very sorry to have to ask you to resign your position," in a letter from an employer to his employee are properly construed as a peremptory discharge.

Proof of the actual fitness of an employee who has been discharged is proper in an action by him on the contract of employment.

A vessel-captain who has been peremptorily discharged by the owner of the vessel for unfitness, is not bound to offer to resume command before leaving and beginning suit against the owner on the contract of employment between them. He owes defendant no further duty than to use reasonable diligence to obtain other employment.

Employers cannot assume to be final judges in their own behalf of the propriety of dismissing their employees during their term of employment, unless they also take the responsibility which attaches to dismissals without actual cause.

Error to Berrien.  (A. J. Smith, J.)   Oct. 10.—Oct. 17.

Assumpsit.   Defendant brings error.   Affirmed.

*Potter & Potter* for appellant.

*Clapp & Fyfe* for appellee.

Campbell, J.   Plaintiff sued defendants for discharging him before the end of his term of employment as master of a steamboat running from St. Joseph across Lake Michigan to Chicago, averring his readiness to carry out his engagement, which was averred to be for the season of 1880.   De-

fendants pleaded the general issue, with notice of cause for discharge, and of termination of the contract by consent.

Evidence was given both for and against the plaintiff's version of the contract, and his good conduct and capacity. The proof of his discharge was a letter from the manager, in the following terms:

"BENTON HARBOR, Mich., May 22d, 1880.

*Captain Jones*—DEAR SIR : I find you ran into the St. Joseph bridge last night. After all that has happened, or one continuation of mishaps, I am very sorry to have to ask you to resign your position. It pains me as much as it can you, but it will not do any longer.

Yours truly,                                          J. H. GRAHAM."

On receiving this, plaintiff left.

The questions raised on the trial having been left to the jury, they found a verdict for so much of the season's wages as had not been paid to him, less some earnings in other work.

The points raised are all in a small range, and need not be dealt with one by one, as the rules governing the case can be stated quite as conveniently otherwise.

There can be no doubt of the common-law jurisdiction over such contracts, and the declaration shows a good cause of action. Had it been formally defective, (which we do not discover,) it was not demurred to.

We think the letter in question can only be regarded as a civil form of peremptory discharge, and that the ruling to that effect was right. As the testimony of Mr. Graham indicates very clearly that he so regarded it, there is no reason to think it was designed to mean anything different from its plain sense as construed by the court. The court, however, charged as requested, that parties could rescind such contracts if they saw fit; but we find no evidence of rescission by consent.

The testimony concerning plaintiff's fitness was not proof of reputation, as suggested, but proof of actual fitness, and as such was proper.

After such a discharge it cannot, we think, be incumbent

on the party discharged to make subsequent offers to resume command of the vessel, which he has been informed he is not considered fit to command: He was entitled to leave at once, and could have no further duty to defendants beyond using reasonable diligence to obtain other employment. The charges given on this subject covered all the ground which is requisite under the authorities as applicable to such a case.

We think there is neither reason nor law for making employers, in such cases, final judges in their own behalf of the propriety of dismissing their employees during their term of employment. They cannot avoid the responsibility which attaches to dismissals without actual cause.

We discover no other points requiring consideration.

The judgment must be affirmed with costs.

The other Justices concurred.