## WATKINS & THURMAN v. W. L. NAPIER.

### Decided December 8, 1906.

**Contract of Employment—Right to Terminate.**

In a contract of employment in which the employe agrees that if the employer is dissatisfied with his services he may end the employment at the expiration of any month, the employer may so terminate the contract if dissatisfied, and he is the sole judge of whether he is dissatisfied.

Appeal from the County Court of Dallas County.  Tried below before Hon. Hiram F. Liveley.

*H. C. Hughes* and *Cockrell & Gray,* for appellants.

*Kearby & Kearby* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This case, which was filed on the 29th day of March, 1904, was a suit for the recovery of damages alleged to have accrued to the appellee, W. L. Napier, by virtue of having been discharged by the appellants, Watkins & Thurman, manufacturers of sash and doors, at Madera, California, when he had been employed by them for a term of twelve months, beginning December 1, 1903, the said twelve months to be divided into two periods of six months each for the first of which periods the appellee, plaintiff below, was to receive the sum of five hundred dollars divided into six equal payments, and for the second period of six months he was to be paid the sum of seven hundred dollars in like proportionate payments, together with his expenses at the rate of one hundred and fifty dollars per month.  The appellee alleged in addition to the above that he entered into the employ of the appellants, defendants below, and that he faithfully, diligently and successfully served them in the capacity of traveling salesman for the period of three months, at the end of which time he was wrongfully discharged by the appellants, and that he had been damaged in the sum of five hundred and twenty dollars as a result of said wrongful discharge.  The defendants below in their pleadings relied first, upon a general demurrer; second, a general denial; third, that the contract between the appellants and the appellee was in writing, and that by the terms of said contract the appellants had the right to discharge the appellee at the end of any month, if his services did not prove satisfactory to them; that his services were not satisfactory and that therefore they discharged him, as they had a right to do under the terms of the contract; fourth, that if it should be held that the appellants had no right to discharge the appellee, then it was his duty to have secured other employment, and that he could have done so by the exercise of reasonable diligence, and that therefore he could not recover.

The case was submitted to a jury and a verdict was returned for plaintiff for $437.50.  Appellee entered a remittitur for $187.50 and judgment followed for $250.  Defendants' motion for a new trial having been overruled an appeal was prosecuted to this court.

The defendants below, Watkins & Thurman, were engaged in the business of making sash and doors at Madera, California.  They received a letter dated November 8, 1903, in which appellee stated to them that he was a traveling salesman and had been such for about three years, giving the names of parties by whom he had been employed, and stating the amount that he had been selling for them.  He further stated that if employed by them he thought he could secure orders for all the goods they could handle and closed his letter with the proposition that he would work for them for the first six months for $500 and expenses, not to exceed $150 per month, and the second

six months for $700 and expenses, with the condition that if they were dissatisfied at any time with his services, same should be ended at the expiration of any month, salary to be paid each month at the expiration of same, expenses to be furnished semi-monthly, and accounts to be rendered, weekly, tri-weekly or monthly at their option. In reply to this Watkins & Thurman wrote appellee the 21st of November, 1903, that they had decided to employ him upon the terms he suggested; that they asked for no reference from him as his work would tell the tale, and if satisfactory they said they saw no reason why he should not have a steady position with them. Further along in their letter they told him he could commence work at once, terms to be as suggested: $500 for the first period of six months, payable in proportionate payments, expenses not to exceed $150 per month, payable semi-monthly, and accounts to be rendered by him as often. To this letter Napier, on November 28, 1903, answered by wire as follows: "Accept proposition, begin work first, send expense check Fort Worth, letter follows." On the same day he wrote defendants, in which letter he makes the statement as follows: "You state that I may commence work at once, terms to be as per my previous letter, i. e., $500 for the first term of six months, payable monthly in proportionate payments, if my work is satisfactory; second term of six months to be $700, payable as per term of first six months. Expenses not to exceed $150 per month, payable semimonthly, in advance, and accounts rendered as often." On the 26th day of February, 1904, the appellants wired the appellee as follows: "Will not need you after this month. Letter." And on the same day they wrote him that they found it impossible to keep him in the field while the present prices were being maintained, and that he could therefore consider his business connection with them severed. The contract is to be determined from the language of this correspondence. It is the contention of appellants that by the terms of the contract, if at any time they became dissatisfied with appellee's services they could terminate his employment at the end of any month.

The appellee insists that by the terms of the letter of Watkins & Thurman, dated November 21, 1903, he was employed for a period of six months. The part of the letter referred to, reads: "You may commence work at once, terms to be, as you suggest $500 for the first term of six months, payable monthly in proportionate payments, expenses not to exceed $150 per month payable semimonthly, and expense account rendered by you as often. Let us hear from you by return mail as to when you wish to begin work, and let us know also what ground it will be convenient for you to cover." The terms of this letter he contends were accepted by his telegram of November 28, above set out, and thereby a contract was formed for a period of six months. The correspondence was begun by appellee on November 8, 1903. In his letter of that date he makes a distinct proposition for employment by appellants, and to it he attaches the "condition that if they were dissatisfied at any time with his services, same should be ended at the expiration of any month." This letter was the basis of the contract. To this proposition appellants replied: "that they had decided to employ him on the terms suggested." In the letter they set up their understanding of the terms of the first period of six months. They did not thereby submit a new proposition

to appellee, as contended by him. Nor did appellee, at the time, consider this letter as a new proposition. His telegram in reply stated, "letter follows." In this letter of the same date as the telegram he reiterates the terms of the contract to be "as per the terms of my previous letter," and concludes with the statement, "if my work is satisfactory." Appellee, in this letter, treats his first letter of November 8, as the basis of the contract, and that his employment is to be on the condition that his work is satisfactory to the appellants. Having become dissatisfied with his services the appellants did terminate the contract at the end of February, 1904.

The authorities are not uniform as to whether the employer has the power under a contract of this character to determine whether the work of the employe is satisfactory. That he has such power is supported by the following authorities: Allen v. Mutual Compress Co., 14 So. Rep., 362; Bush v. Koll, 29 Pac. Rep., 919; Rossiter v. Cooper, 23 Vt., 522; Campbell Co. v. Thorp, 36 Fed. Rep., 414; Singerly v. Thayer, 108 Pa. St., 291; Koehler v. Buhl, 94 Mich., 496; McCarren v. McNulty, 7 Gray, 139; Blaine v. Knapp & Co., 41 S. W. Rep., 787; Tyler v. Ames, 6 Lans., 280; Gibson v. Cranage, 39 Mich., 49; Zaleski v. Clark, 44 Conn., 218; Brown v. Foster, 113 Mass., 136; Wood Machine Co. v. Smith, 50 Mich., 565. In support of the proposition that he has not such power see:- Silsby Mfg. Co. v. Chico, 24 Fed. Rep., 893; Jones v. Graham Transportation Co., 16 N. W. Rep., 893; Daggett v. Johnson, 49 Vt., 345; Hartford Mfg. Co. v. Brush, 43 Vt., 343; Moore v. Robinson, 92 Ill., 491; Wetterwulgh v. Knickerbocker Building Assn., 2 Bosw., 381.

The proposition does not seem to have been decided in this State, but the principle decided in Tennant v. Fawcett, 94 Texas, 111, is quite similar to the question under consideration and that decision tends to support the contention of appellants. We think it clear that the weight of authority is to the effect that the power of the employer in a contract in which his employe stipulates that if the employer is dissatisfied with his services he may end the employment at the end of any month, the employer may terminate the contract if dissatisfied, and he is the sole judge as to whether he is dissatisfied. The plaintiff did not plead that no ground existed for dissatisfaction on the part of the defendants, Watkins & Thurman, with his services. There is evidence in the record to the effect that appellee disobeyed appellants' instructions as to the selling price of their goods, that he failed to render his expense account, that he did not sell the amount of lumber contemplated by the parties at the time of entering into the contract, and that for all these reasons the appellants were dissatisfied with his services and terminated the contract.

It is clear under the evidence the judgment can not stand. The appellants requested the court to instruct a verdict in their favor. The court refused the request." We are of the opinion the instruction should have been given. The cause seems to have been fully developed and because we are of the opinion that under his own evidence the appellee is not entitled to recover herein, the judgment is reversed and judgment is here rendered for appellants.

*Reversed and rendered.*