## BARTON v. FARM & HOME SAVINGS & LOAN ASS'N OF MISSOURI.

### No. 13589.

Court of Civil Appeals of Texas. Fort Worth.

Sept. 10, 1937.

Rehearing Denied Oct. 15, 1937.

George M. Hopkins, of Denton, for appellant.

Ewing, Ewing & Ewing, of Nevada, Mo., R. H. Hopkins and Judge Gambill, both of Denton, and Dan Moody, of Austin, for appellee.

DUNKLIN, Chief Justice.

For many years J. A. Barton was engaged in the real estate and loan business in Denton, Tex., handling farm and city loans. On June 19, 1924, he entered into a written contract with the Farm & Home Savings & Loan Association of Missouri, reading as follows:

"Contract and Agreement

"Entered into by and between the Farm and Home Savings and Loan Association of Missouri, a Missouri Corporation, party of the first part, hereinafter known as the 'Association', and ———— of the City of Denton, Texas, party of the second part, hereinafter known as the 'Agent', witnesseth:

"The Association has appointed ———— as its loan agent and collector for the city or town of Denton, Texas, under the following understandings and agreements:

"A commission of one and one-half per cent (1½%) to be paid on all loans produced, approved, made and closed by the Association in the City of Denton, Texas.

"Agent shall receive one and one-half per cent (1½%) commission on the monthly payment monies paid in by the borrowers at Denton, Texas, but no commission on repayment of a loan in bulk.

"Agent will sell only an equal amount of stock carried with a loan, viz: For each $100 of loan made, $100 in Farm and Home stock, and no more. Agent not to sell any free Farm and Home Stock in Texas.

"It is understood and agreed that there is no ownership or rights vested in the agent under this contract, either legally or morally, and, therefore, under no circumstances, will the agent be permitted to sell the agency.

"It is understood and agreed by the parties to this instrument that the Association retains the right to close the agency at any time, for good and sufficient business reasons; or to dispense with the services of the agent when such services shall be unsatisfactory, or for other good cause, and put in a new agent in his place.

"The essence of this contract is such that the agent may only depend upon the commission emoluments of the approved business he produces, and that any interest or right gained by the agent shall be contingent upon the rendition of satisfactory services."

The contract was executed by O. H. Moss, president of the association, as party of the first part, and by Adams-Barton Realty Company, composed of J. A. Barton and B. P. Adams, parties of the second part.

About January 1, 1925, B. P. Adams severed his connection with the realty company, and thereafter the business undertaken by the realty company was conducted by J. A. Barton alone, who was recognized by the association as its sole agent until he was discharged by the association on or about April 13, 1936.

The association was engaged in lending money on city real estate on the building and loan association plan. During the existence of his agency the plaintiff was paid

1½ per cent. commission on all loans he had negotiated. When he was discharged, there were outstanding loans made by the association in the city of Denton which had been procured by the plaintiff, aggregating at maturity the sum of $214,000. He instituted this suit to recover the 1½ per cent. commission on those outstanding loans, upon allegations to the effect that under his contract of employment he had a vested interest in the loans of those commissions.

The case was tried before the court without a jury, and plaintiff has appealed from a judgment denying him the relief sought.

The trial judge filed findings of fact and conclusions of law which appear in the record, but the record embodies no statement of facts. The truth of the facts so found by the trial judge is not challenged by any assignment of error.

We quote the following from the court's findings of fact and conclusions of law:

"About April 13, 1936, the officers of the Association concluded that it would be to the interest of the Association to turn the business of the agency in Denton over to a field representative, who was at that time located at Sherman, Texas, but who was to locate in Denton, having several north Texas counties. On that date, the following letter was written and posted to the plaintiff:
" 'Mr. J. A. Barton,
" 'Barton Realty Company,
" 'Denton, Texas.
" 'Dear Mr. Barton:
" 'Effective May 1, we have decided to locate in Denton our field headquarters for northern Texas. This means that W. J. Lothman, who is now at Sherman, will move to Denton and operate from there as field representative. In doing this, we are asking Mr. Lothman also to handle our agency in Denton, taking care of all details necessary in the handling of loans, rentals, sales, etc.

" 'We want you to know that we appreciate the many things you have done for our Association in the past, and although we may have had an occasional verbal battle, all this was merely incidental to getting the work done. We hope you will assist Mr. Lothman in any way you can in taking over the work.
" 'Sincerely yours,
" 'C. V. Kenton,
" 'Secretary.'

"Prior to the receipt of said letter on April 15, 1936, the plaintiff had not had any notice or intimation that the Association was contemplating the termination of the agency or of attempting to dispense with his services.

"Prior to May 1, 1936, the Association wrote all the borrowers and all the tenants in Denton that it had terminated the agency of the plaintiff and that they should make their payments to W. H. Lothman.

"W. H. Lothman, the man to whom the affairs of the Association in Denton were intrusted, is a brother-in-law of the president of the Association.

"The Association did not take any further steps to terminate the agency of the plaintiff after writing him the letter dated April 13, 1936, and set out above, and notifying the borrowers and the tenants to make their payments to Mr. Lothman. But it did transfer all its business in Denton to Mr. Lothman, although the plaintiff has not been formally checked out and is still under bond to the Association.

"On May 7, 1936, the plaintiff made a report to the Association of collections on monthly payment loans made during the month of May totalling $765.71, and made remittance to the Association to cover the amount less a commission of $11.49.

"On May 1st, 1936, there were outstanding loans in the city of Denton, produced by the plaintiff for the Association, aggregating at maturity the sum of $214,000.00, and had the plaintiff retained his agency and had all these loans been collected in monthly installments, his commission for the collection thereof would have exceeded $3,000.00. In general, the loans that were outstanding on May 1, 1936, were in good condition, having been refinanced and on a good basis so far as security was concerned. It is impossible to find the exact amount that will be collected in monthly installments on these loans. Some will probably be refinanced; some will in all probability be paid off in bulk; some, no doubt, will be foreclosed. But taking into consideration the condition of these refinanced loans, probably seventy to seventy-five per cent of them will be liquidated on the monthly payment plan, as contracted. Had the plaintiff been permitted to continue handling the business for the company, the amount of monthly collections on the outstanding loans in Denton would not have been less than they will be under the present management.

"The Association has not resumed making loans in Denton.

"The Association, at the time it terminated the agency of the plaintiff, had concluded that good cause existed for dispensing with his services, and turning the affairs of the Association, in Denton, over to Mr. Lothman.

"Conclusions of Law.

"I conclude, as a matter of law, that the plaintiff had no vested rights in the agency under the contract.

"That the contract was such that it might be terminated at the will of either party.

"That the Association, on concluding that good cause existed for terminating the agency of the plaintiff, had the right to do so at its option.

"That the Association has the right, under the contract, to place its filed representative in charge of its business in Denton at any time it deemed this course to be to its best interest.

"That the plaintiff cannot recover on the facts proved in this case."

Appellant has presented only two assignments of error, in each of which the sole contention made is that under the terms of the written contract the plaintiff had a vested interest in 1½ per cent. of the loans procured by him and on hand at the time his agency was terminated, said loans aggregating $214,000. Those assignments amount to a challenge of the conclusions of law reached by the trial judge, with no complaint of the facts found by the judge and on which his conclusions of law were based.

Appellee presents several objections to the sufficiency of the assignments in their failure to state the reason why the facts showed a vested interest in those loans. We shall not undertake a discussion of the merits of those objections since we have reached the conclusion that the assignments of error are without merit at all events, and a discussion of them is unnecessary.

By express terms of the contract of employment the association had the right to terminate the agency at any time; and expressly so when such a course was deemed to be to its best interest. The contract did not purport to vest in plaintiff any vested interest for any commission in the loans that had not matured at the date of his discharge. It was for an indefinite period and was subject to termination at any time at the option of either party without further liability thereon, in the absence of any agreement to the contrary. Construed as a whole, it expressly refutes plaintiff's claim of vested interest in the loans outstanding at the time of his discharge and for the procurement of which he had already been paid 1½ per cent. commission as provided in the contract. A multitude of authorities might be cited in support of the foregoing conclusions, but we believe the following are sufficient: East Line & R. R. Ry. Co. v. Scott, 72 Tex. 70, 10 S.W. 99, 13 Am.St. Rep. 758; St. Louis S. W. Ry. v. Griffin, 106 Tex. 477, 171 S.W. 703, L.R.A. 1917B, 1108; Dallas Hotel Co. v. McCue (Tex. Civ.App.) 25 S.W.(2d) 902; Daugherty v. Moon, 59 Tex. 397; Andrew v. Metropolitan Life Ins. Co., 211 Iowa 282, 233 N.W. 473, 475; Oregon & Washington Mortgage Savings Bank v. Am. Mortgage Co. (C.C.) 35 F. 22; Baker v. Heney (Tex.Civ.App.) 166 S.W. 19 and decisions cited; Browne v. King (Tex.Civ.App.) 196 S.W. 884; Watkins & Thurman v. Napier, 44 Tex.Civ. App. 432, 98 S.W. 904; 39 C.J. 74.

Both assignments of error are overruled, and the judgment of the trial court is affirmed.