WILLIAM E. SMITH *v.* BENJAMIN DOUGLASS AND ANOTHER.

The defendants, a firm, by a written agreement, contracted to employ the plaintiff as a clerk for the period of five years, the latter agreeing to act for them and their successors and assigns under their direction and control. Before the expiration of the five years, the defendants' firm dissolved, and was succeeded in business by a new firm, with which the plaintiff continued in service. *Held,* that in a suit upon the contract, for wages earned after the dissolution, and while the plaintiff was in the service of the new firm, it was not necessary to join as parties defendant the members of the new firm, who were not parties to the written agreement.

Defendants, by the contract, being at liberty to discharge the plaintiff upon ten days' notice, *Held,* that such right was absolute, and to be exercised at discretion, and the fact that a false reason was assigned, did not prevent them from afterwards relying on their right to discharge him at discretion.

APPEAL by defendants from a judgment of this court entered upon the report of a referee.

The facts are stated in the opinion.

*C. A. Arthur,* for appellants.

*E. Bartlett,* for respondent.

BY THE COURT.*—ROBINSON, J.—By the agreement between plaintiff and the defendants, upon which the first statement of a cause of action was founded, the defendants employed him as clerk in their mercantile agency establishment, for five years, from April 15th, 1857, at a salary increasing by $100 a year, from $600 to $1,000, payable in equal monthly instalments; and he agreed so to act for them and *their successors and assigns,* under *their* direction and control in all things for that period. It was provided, that if defendants or their successors should become dissatisfied with him, they might discharge him from such employment at any time, on giving him ten days' notice. Defendants' firm dissolved July 1st, 1859, and were succeded in the business by the firm of Dun, Boyd & Co., composed of the defendant Dun, Robert R. Boyd, and William

* Present, DALY, Ch. J., ROBINSON and LARREMORE, JJ.

Reilly, with whom plaintiff continued in such service until about September, 1859, when plaintiff was peremptorily, and without previous notice, discharged on an allegation of drunkenness and abuse of one of the senior partners. The referee finds the alleged cause for discharge was not true; that, on the contrary, "plaintiff was a remarkably temperate man," and there was no proof of his having abused one of the partners. The action for wages was properly brought on the express agreement of the defendants, notwithstanding a change of firm, or succession by others to the business, that they would pay the salary.

The referee has awarded $500 damages to the plaintiff, exceeding a half year's salary, on account of his being dismissed for an alleged cause that was unsustained by proof, and not, as he finds, in the exercise of the power reserved in said agreement.

In this he erred. The power to dismiss *at discretion*, on giving ten days' notice, was absolute, and without the existence of any necessity for the defendants' assigning any cause; and, although they may have assigned one, as inducing their conduct, which was capricious and unfounded, their right to this act was none the less assured to them by the agreement (*Lynch* v. *Stone*, 4 Denio, 356).

It is not a case where the employee was discharged before the end of the term of hiring, upon a groundless cause being assigned, or where the employer is compelled to justify the discharge on grounds different from those first assigned; but one where the power of dismissal was expressly contemplated and reserved, upon the giving of notice for a definite time; and the only prejudice the plaintiff, under this contract, could have sustained by his peremptory dismissal, and without fault on his part, was in the loss arising from want of ten days' notice, and the measure of damages would ordinarily be the wages for a time equal to the agreed time of notice (1 Parsons on Cont. 526, and cases cited in note "t"; *Ridgway* v. *Hungerford Market Co.* 3 Ad. & El. 171; Story on Cont. 3 ed. § 962; *Hartly* v. *Harman*, 11 Ad. & El. 798).

If any additional damages could be allowed, no proof of

any such as could be recovered for breach of duty to give the notice was offered; and the judgment of $500 damages, for this cause, was clearly erroneous, and for that reason should be reversed, and a new trial granted.

The services he claims to have rendered for Mr. Douglass, as counsellor at law, and for which $60 is awarded, clearly appear to have been personal to him, and without any such connection with the copartnership of Douglass & Dun as to entitle the plaintiff to any recovery therefor in this action.

Judgment reversed and new trial ordered, with costs to abide the event.