### THEOPHILUS BROWN *vs.* NATHANIEL H. FOSTER.

The plaintiff agreed to make the defendant a satisfactory suit of clothes; the defendant returned the delivered suit as unsatisfactory. *Held,* that an action for the price could not be maintained.

Evidence of usage is inadmissible to contradict the terms of an express contract.

CONTRACT to recover the price of a suit of clothes.

At the trial in the Central District Court of Worcester, the defendant contended, and there was evidence tending to show, that the clothes were to be made and delivered to the defendant in North Brookfield, on or before a specified day, and that they were to be made to the satisfaction of the defendant.

It was agreed that the clothes were delivered on the even'ng of the day specified, which was Saturday, and that on the following Monday the defendant returned them to the plaintiff by the same person who delivered them, with written notice that the clothes did not fit, were unsatisfactory, and were not accepted.

The defendant offered evidence that the clothes did not fit him, and that they were not made in the manner and form agreed upon. While the defendant was testifying, the plaintiff produced the clothes in court, and requested the defendant to try them on in the presence of the jury. The defendant assented, and, having put them on, wore them in the presence of the court and jury. The plaintiff then called several tailors as experts, who testified that the clothes needed some alterations before they could be called a good fit, but that such alterations could be easily made without injury to them. He also offered evidence that he wrote a letter to the defendant the same day the clothes were returned, in which the following language was used : " Can't you come and let us see what the trouble with the fit of your clothes is ? From what you say about the coat we think we could remedy that, and we could make another vest if necessary, and coat too." To this letter the defendant replied that the clothes were unsatisfactory to him as they were, and that he would not accept them after they had been worked over and botched up, and refused to allow the plaintiff to make a new suit, or to accept any alterations to the suit already made.

There was evidence that the defendant came to the plaintiff's store soon after the clothes were returned, and the plaintiff asked him to try them on to see what alterations, if any, were necessary to make them fit ; this the defendant refused to do.

There was also evidence to show that a custom existed among tailors of having garments tried on after they were finished, and then making any alterations which might be necessary to make them fit.

The defendant asked the court to give the following instructions to the jury :

"1. If you find that the plaintiff agreed to make the clothes in question to the satisfaction of the defendant and failed so to do,

then the plaintiff cannot maintain this action, and you will return a verdict for the defendant.

" 2. If you find that the plaintiff agreed to deliver the clothes on or before a specified time, made up in the manner and form agreed upon, and failed so to do, then the defendant was under no obligation to accept them, and you will return a verdict in his favor."

The court refused to give the instructions in the form prayed for, but after giving instructions upon the other points raised, to which no objections were made, instructed the jury as follows :

" The plaintiff was bound to make the clothes of the material ordered, in a workmanlike manner, and to deliver them at the time agreed upon by the parties. If the plaintiff agreed to make the clothes to the satisfaction of the defendant, he was bound to do so, with these qualifications : if, when the clothes were delivered, there were defects in the fit of them, such as are liable to occur in first class tailoring establishments, but such as could be easily remedied, and a custom among tailors has been proved, to remedy such defects when they occur, the plaintiff was entitled to a reasonable opportunity therefor, and if he was willing and offered to remedy said defects, and the defendant refused to allow him to do so, the plaintiff is entitled to recover if the other facts in the case are proved."

The jury returned a verdict for the plaintiff, and the defendant excepted.

*B. W. Potter & G. H. Ball*, for the defendant.

*A. Thayer*, for the plaintiff.

DEVENS, J. There was evidence at the trial to show that the contract between the parties was an express contract, and by the terms of it the plaintiff agreed to make and deliver to the defendant upon a day certain a suit of clothes, which were to be made to the satisfaction of the defendant. The clothes were made and delivered upon the day specified, but were not to the satisfaction of the defendant, who declined to accept and promptly returned the same. If the plaintiff saw fit to do work upon articles for the defendant and to furnish materials therefor, contracting that the articles when manufactured should be satisfactory to

the defendant, he can recover only upon the contract as it was made; and even if the articles furnished by him were such that the other party ought to have been satisfied with them, it was yet in the power of the other to reject them as unsatisfactory. It is not for any one else to decide whether a refusal to accept is or is not reasonable, when the contract permits the defendant to decide himself whether the articles furnished are to his satisfaction. Although the compensation of the plaintiff for valuable service and materials may thus be dependent upon the caprice of another who unreasonably refuses to accept the articles manufactured, yet he cannot be relieved from the contract into which he has voluntarily entered. *Mc Carren* v. *McNulty*, 7 Gray, 139.

When an express contract like that shown in the present case was proved to have been made between parties, it was not competent to control it by evidence of a usage. It may be that the very object of the express contract was to avoid the effect of such usage, and no evidence of usage can be admitted to contradict the terms of a contract, or control its legal interpretation and effect. *Dickinson* v. *Gay*, 7 Allen, 29, 31. The evidence admitted was of this description.                    *Exceptions sustained.*