## JEFFERSON J. GIBSON v. THOMAS CRANAGE, JR.

*Optional contracts of sale.*

An agreement was made with an artist for a portrait that need not be taken or paid for if unsatisfactory. *Held* that however good the picture is, the customer is the only judge whether it suits him or not, and if not, he cannot be compelled to pay for it.

Error to Bay.   Submitted June 7.   Decided June 11.

ASSUMPSIT.   Plaintiff brings error.

*Shepard & Lyon* for plaintiff in error. A vendor is entitled to a reasonable time within which to replace defective merchandise before the contract of purchase is rescinded, *Davis v. Downs*, 4 Mich., 531.

*Scofield & Webster* for defendant in error.

MARSTON, J. Plaintiff in error brought assumpsit to recover the contract price for the making and execution of a portrait of the deceased daughter of defendant. It appeared from the testimony of the plaintiff that he at a certain time called upon the defendant and solicited the privilege of making an enlarged picture of his deceased daughter. He says "I was to make an enlarged picture that he would like, a large one from a small one, and one that he would like and recognize as a good picture of his little girl, and he was to pay me."

The defendant testified that the plaintiff was to take the small photograph and send it away to be finished, "and when returned if it was not perfectly satisfactory to me in every particular, I need not take it or pay for it. I still objected and he urged me to do so. There was no risk about it; if it was not perfectly satisfactory to me I need not take it or pay for it."

There was little if any dispute as to what the agreement was. After the picture was finished it was shown

to defendant who was dissatisfied with it and refused to accept it. Plaintiff endeavored to ascertain what the objections were, but says he was unable to ascertain clearly, and he then sent the picture away to the artist to have it changed.

On the next day he received a letter from defendant reciting the original agreement, stating that the picture shown him the previous day was not satisfactory and that he declined to take it or any other similar picture, and countermanded the order. A farther correspondence was had, but it was not very material and did not change the aspect of the case. When the picture was afterwards received by the plaintiff from the artist, he went to see defendant and to have him examine it. This defendant declined to do, or to look at it, and did not until during the trial, when he examined and found the same objections still existing.

We do not consider it necessary to examine the charge in detail, as we are satisfied it was as favorable to plaintiff as the agreement would warrant.

The contract (if it can be considered such) was an express one. The plaintiff agreed that the picture when finished should be satisfactory to the defendant, and his own evidence showed that the contract in this important particular had not been performed. It may be that the picture was an excellent one and that the defendant ought to have been satisfied with it and accepted it, but under the agreement the defendant was the only person who had the right to decide this question. Where parties thus deliberately enter into an agreement which violates no rule of public policy, and which is free from all taint of fraud or mistake, there is no hardship whatever in holding them bound by it.

Artists or third parties might consider a portrait an excellent one, and yet it prove very unsatisfactory to the person who had ordered it and who might be unable to point out with clearness or certainty the defects or objections. And if the person giving the order stipulates

that the portrait when finished must be satisfactory to him or else he will not accept or pay for it, and this is agreed to, he may insist upon his right as given him by the contract. *McCarren v. McNulty*, 7 Gray, 141; *Brown v. Foster*, 113 Mass., 136: 18 Amer., 465.

The judgment must be affirmed with costs.

The other Justices concurred.