JOHN WEBBER *vs.* WILLIAM DORAN, & SOMERSET COUNTY, trustee.

Somerset. Opinion July 18, 1879.

*Trustee. Contingent liability.*

To charge an alleged trustee by reason of any money due from him to the principal defendant, it must appear that, when the writ was served upon the trustee, the money was due absolutely and not contingently.

Thus, where the principal defendant agreed to put into the basement of a court house furnaces which should heat the building to the satisfaction of the county commissioners, at a specified price, payable when completed, and thereupon put in two furnaces which had not been accepted when the writ was served upon the county; and within a reasonable time thereafterward the furnaces were rejected as insufficient, and a new contract was made for adding another for a specific sum together with the original sum and interest: *Held,* that the trustee be discharged.

ON EXCEPTIONS.

ASSUMPSIT.

The only question raised by the exceptions was upon the ruling of the presiding justice whereby he discharged the trustee upon the disclosure.

*J. Wright,* for the plaintiff, cited Par. Con. 539. *Emery* v. *Davis,* 17 Maine, 252. 16 Maine, 17. 9 Pick. 441. 7 Cush. 485. *Dwinel* v. *Stone,* 30 Maine, 384. *Smith* v. *Cahoon,* 37 Maine, 281. Hill. Sales, 274, 275.

The trustee should be charged. See *Balkham* v. *Lowe,* 20 Maine, 369. *Lane* v. *Nowell,* 15 Maine, 86. *Hooper* v. *Day,* 19 Maine, 56. *Cutter* v. *Perkins,* 47 Maine, 557. *Davis* v. *Davis,* 49 Maine, 282. *Bryant* v. *Erskine,* 50 Maine, 296. *Wither* v. *Munroe,* 19 Maine, 42. *Ware* v. *Gowen,* 65 Maine, 534. *Ricker* v. *Fairbanks,* 40 Maine, 43.

*Walton & Walton,* for trustee.

LIBBEY, J. The writ was served on the trustee February 14, 1879. On January 3, 1878, the county of Somerset, the alleged trustee, by its commissioners, made a contract with Doran, the principal defendant, by which he agreed to put into the basement

of the court house two or more furnaces of the kind called Doran's Eagle Furnace, to heat the court room and the offices in it sufficiently and to the satisfaction of the county commissioners, and warrant the perfect working of the same, together with all the apparatus and appurtenances connected therewith, in all states and conditions of the weather, and to furnish all the materials therefor, of the best quality, to be completed by January 25, 1878. And in case the furnaces did not work perfectly and to the satisfaction of the commissioners, he was to take them and the apparatus out and restore the building to the same condition that it was in when he commenced putting them in.

And the county was to pay said Doran therefor, when the agreement on his part should be performed to the satisfaction of the commissioners, the sum of $325, towards which sum he was to take the stoves then in the court room for $40.

By the disclosure it appears that Doran put in two furnaces in the last of January or first of February, 1878, and they were used in the building up to the service of the writ. After March, 1878, the county commissioners were requested by Doran, from time to time, to determine whether the furnaces were of sufficient capacity and worked to their satisfaction, but they declined then to accept them, on the ground that they had not had sufficient opportunity to test their capacity and working in all conditions of the weather, and in all uses of the building, but the refusal to accept was not final. To this Doran does not appear to have objected. This state of things continued up to the time of the service of the writ.

At the March term, 1879, the commissioners finally determined that the two furnaces were not of sufficient capacity to heat the building as required by the contract, and rejected them ; whereupon a new contract was made by which Doran was to put in another furnace of his largest size, for which, and the two he had before put in, he was to have $360, and interest on $285 from the time the two furnaces were set up.

Upon these facts we think the trustee was properly discharged. At the time of the service of the writ the liability of the trustee was contingent. R. S., c. 86, § 55, clause 4. *Dwinell* v. *Stone*, 30 Maine, 384. *Bryant* v. *Erskine*, 50 Maine, 296.

It was not to become fixed till the commissioners determined that the furnaces were of sufficient capacity and worked satisfactorily ; or at least till they unreasonably refused to determine, and Doran had in fact complied with the terms of the contract on his part. *Chapman* v. *Lowell*, 4 Cush. 378. *Brown* v. *Foster*, 113 Mass. 136.

It does not appear that any complaint was made by Doran that the delay was unreasonable. On the contrary, he acquiesced in the action of the commissioners, and it was finally demonstrated that the two furnaces were not of sufficient capacity to heat the building as the contract required, and a new contract was made by which another was to be put in. True, the action of the commissioners with Doran after the service of the writ cannot affect the rights of the plaintiff, but the fact that the two furnaces were found not to be of sufficient heating capacity, tends to show that the delay of the commissioners was not unreasonable, or, if it was, that the principal defendant had not performed the contract on his part.

*Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS and DANFORTH, JJ., concurred.