POPE IRON AND METAL COMPANY, Appellant, *v.* FRED. BEST, Respondent.

### December 18, 1883.

1. CONTRACT — BREACH OF — DAMAGES. — In an action for a breach of a contract to erect a furnace "in a good and workmanlike manner, and to guarantee the said furnace to work satisfactorily in melting iron," the court properly rejects evidence that the furnace did not work to the plaintiff's satisfaction.

2. —— EVIDENCE. — Evidence of the cost of testing the furnace after its completion was properly refused, inasmuch as the cost of making the test was not to be paid for by the defendant.

APPEAL from the St. Louis Circuit Court, ADAMS, J.
*Affirmed.*
TAYLOR & POLLARD, for the appellant.
J. D. JOHNSON, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This action is brought for damages which the plaintiff alleges it has sustained through the breach, by the defendant, of a contract made with the plaintiff, by which the defendant agreed to erect a certain furnace according to plans furnished by the defendant. The answer consists first, of a general denial, and then of three counter-claims. The first is for the balance due the defendant under the contract mentioned in the plaintiff's petition, for erecting the furnace; the second is a claim for certain lime and cement furnished by the defendant at the request of the plaintiff in constructing the furnace; the third, for extra work done by the defendant at the request of the plaintiff, in constructing a deflector in the furnace and in furnishing the materials therefor. The jury found for the defendant on the plaintiff's cause of action, and also for the defendant on each of the three counter-claims. Judg-

ment was entered accordingly and the plaintiff has appealed.

At the trial, the contract under which the furnace was erected was put in evidence. It reads as follows : —

" *Mess. Pope Iron and Metal Co., St. Louis, Mo.*

" Gentlemen — I hereby propose to build an air furnace at your warehouse, Fourteenth and Gratiot Streets, for the sum of seven hundred and thirty-seven dollars, and fifty one-hundredths dollars ; you to furnish all material for same and to put the foundation for the furnace and stack, also to erect iron work for the stack. I to furnish all the labor to build the furnace and line the stack, according to the plans to be furnished by me, and promise to do all the work in a good and workmanlike manner, and guarantee the said furnace to work satisfactorily in melting iron. Payment to be made as soon as the first heat is satisfactorily run off. The work to be completed within thirty days from the time of commencement."

1. The plaintiffs offered to prove that the furnace that was built by the defendant did not do its work in any regard to *its* (the plaintiff's) satisfaction ; to which offer the defendant objected, and the court sustained the objection. There was no error in this ruling. The contract did not stipulate that the furnace should work to the satisfaction of the plaintiff. It " guaranteed the said furnace to work satisfactorily in melting iron," and payment was to be made as soon as the first heat was " satisfactorily run off." The opinions and feelings of the managers of the plaintiff corporation were not, by this contract, made the test by which the proper execution of it was to be determined ; and we can not construe the language quoted so as to produce a result so improbable as that the defendant intended to submit his rights wholly to the caprice of the officers of the plaintiff. The contract, fairly construed, meant that the furnace

should work satisfactorily to a reasonable and fair-minded man, who was an expert in such matters.

2. The court in ruling upon the evidence and instructing the jury, rejected as a measure of damages the cost to the plaintiff in making tests of the furnace. The contract did not stipulate that these tests should be made at the cost of the defendant. He had no concern with what the plaintiff did with the furnace after he completed it and turned it over to them ; and we know of no rule of law which, in the absence of an agreement to that effect, authorized them to experiment with it as his expense.

3. The remaining objections are to the instructions of the court, and they have been substantially answered by what has already been said with reference to the meaning of the word "satisfactorily" in the contract. The court refused an instruction which told the jury that they should find for the plaintiff if they "believed, from the evidence, that the defendant failed to erect the furnace in question in a good and workmanlike manner, or failed to erect it so that it worked satisfactorily in melting iron, or so that any (sic) heat therefrom was run off satisfactorily until after the plaintiff had it altered." But the court, in lieu thereof, gave an instruction which told the jury to find for the plaintiff if they believed, from the evidence, that the defendant failed to erect the furnace in question in a good and workmanlike manner, according to the plans furnished therefor, or failed to erect it so that it worked satisfactorily, that is, *reasonably well*, in melting iron. We think these rulings were entirely correct. We think the word "satisfactorily," as used in the contract did not mean that the defendant obligated himself, in erecting the furnace, to satisfy any whim or caprice of the plaintiff's officers or agents, but that it meant that he should do the work reasonably well.

This judgment is accordingly affirmed. All the judges concur.