MICHAEL SMITH, Respondent, *v.* THE BUFFALO STREET
RAILROAD COMPANY, Appellant.

*Contract between employer and employee — right of the employer to discharge the*
*employee without any just cause.*

The plaintiff worked for the defendant, a street railroad company, as a car driver, ·
under a contract made in February, 1882, by which the company agreed to pay
him one dollar and thirty-five cents for each day's service, "and at the expi-
ration of one year, should said second party remain and continue in the employ
of the said Buffalo Street Railroad company, and not otherwise, said party of
the first part will pay said party of the second part the further sum of twenty-
five cents for every day's services rendered by said second party to said first
party during said year; and every year thereafter the second party shall remain
and continue in the employ of the first party the above terms shall apply. *The* ·
*party of the first part may discharge the party of the second part at any time.*"
In November, 1882, the plaintiff was discharged by the company. In an action
by the plaintiff to recover the twenty-five cents per day for the number of days
services he had rendered, the court submitted to the jury only one question,
that is, whether the plaintiff's conduct was such that the defendant was justi-
fied in discharging him, and refused to charge, as requested by the defendant's
counsel, that the defendant had the right, under the contract, to discharge the
plaintiff without any cause.
*Held*, that the court erred in its charge, and in its refusal to charge.
*Quære*, as to whether the plaintiff could have recovered if he had shown that the
defendant had discharged him when his year was nearly up for no other reason
than to wrong, cheat and defraud him out of the said twenty-five cents a day.
(Per ANGLE, J.)

APPEAL from a judgment of the Erie County Court, entered upon
a verdict of a jury in favor of the plaintiff, and also from an order
denying a motion for a new trial made upon the minutes of the
County Judge.

The action was brought to recover twenty-five cents additional pay
for each day the plaintiff worked as a car driver for defendant under a
sealed contract dated February 7, 1882. By that contract defendant
agreed to pay plaintiff one dollar and thirty-five cents for every
day's service rendered the defendant, payable semi-monthly, on the
tenth and twenty-fifth days of each month. After the expiration
of one year, should plaintiff continue and remain in defendant's
employ, and not otherwise, the defendant promised to pay plaintiff
the further sum of twenty-five cents for every day's service ren-

dered to defendant by plaintiff during said year ; and every year thereafter the plaintiff should remain and continue in the employ of defendant the above terms should apply. The contract then provided that the defendant might discharge the plaintiff at any time. The plaintiff agreed faithfully to discharge the duties of driver, and to faithfully observe and keep all rules and regulations of defendant.

Under this contract plaintiff worked for defendant until about the middle of November following when defendant discharged him, paying him for his service one dollar and thirty-five cents for each day. The complaint alleges that plaintiff was discharged without any just cause or provocation, and without any fault on his part, he having at all times faithfully performed his duty. The complaint also alleges that defendant discharged plaintiff for the reason that his year would be up in about six weeks, and that their only reason for discharging him was to wrong, cheat and defraud him out of the said twenty-five cents per day.

The answer denies the above allegations in the complaint and alleges that plaintiff violated and disregarged the conditions of the contract, and that he did not observe and keep the rules and regu-lations of defendant, but conducted himself so negligently and carelessly about his employment that he caused injury to the pas-sengers on defendant's cars to the damage of defendant, and that for the reasons aforesaid defendant discharged plaintiff. Among the by-laws of the defendant was one providing that a driver should abstain from intoxicating drinks.

Upon the trial evidence was given by defendant tending to show that plaintiff did not abstain from intoxicating drinks, that he was intoxicated while on duty on election day, 1882, and that he had been guilty of negligence and unfaithfulness.

At the close of the evidence defendant's counsel moved for a non-suit on the contract that had been read in evidence, and upon the ground that there had been sufficient shown to warrant plaintiff's discharge under the contract.

The charge of the judge submitted but one question to the jury, viz., whether the plaintiff's conduct was such that the defendant was justified in discharging him ?  The defendant's counsel asked the court to charge the jury, that the defendant had the right to dis-

charge this driver without any cause under the contract, which request was denied, and an exception was taken to such denial.

*Porter Norton*, for the appellant.

*Strong & Brendell*, for the respondent.

ANGLE, J. :

The contract is for no particular term of service, it however contains the following provisions : "And at the expiration of one year should said second party (the plaintiff) remain and continue in the employ of the said Buffalo Street Railroad Company, and not otherwise, said party of the first part (the defendant) will pay said party of the second part the further sum of twenty-five cents for every day's services rendered by said second party to said first party during said year, and every year thereafter the second party shall remain and continue in the employ of the first party the above terms shall apply. The party of the first part may discharge the party of the second part at any time."

The main question discussed on the appeal is, whether the county judge was right in submitting it to the jury to determine whether the plaintiff's conduct was such that defendant was justified in discharging him, or, was the counsel for the defendant right in asking the court to charge, as matter of law, that the defendant had the right under the contract to discharge the plaintiff without any cause.

In *Tyler* v. *Ames* (6 Lans., 280 [Fourth Dept.]) the contract was to employ an agent for a year if he "could fill the place satisfactorily." In the opinion (p. 281) the court say : "If he (the employer) is required to prove facts and circumstances that would justify him in feeling dissatisfied with the manner plaintiff filled his office, it would be annulling this clause of the contract, as without such a clause he would have the right to dismiss the plaintiff if he does not properly perform his duties."

In *Spring* v. *Ansonia Clock Company* (24 Hun, 175) the contract was to pay certain wages to the employee, provided his work and services should be to the satisfaction of the employer, and the court say (p. 176), "without the provision for that purpose introduced into the contract, the law secured to the defendant the right to discharge the plaintiff at any time for cause, and it must be assumed

that the provision on that subject was inserted in the contract to enable the defendant to exercise more power in discharging than could have been exerted in its absence. The contract of the defendant to pay is subject to the proviso that the services shall be to its satisfaction, and that fact is subject to no determination but the will of the company expressed through the proper agency. The determination of the question whether the services of the plaintiff under this contract were satisfactory, belonged entirely to the company, subject to no control from the courts. The will of the company is the only tribunal to which the 'question can be referred.' Again, on page 177, the court say : " The paper did not leave the reason for the discharge open to dispute. In case the defendant should be dissatisfied with plaintiff's ' work and services,' then the right upon the plaintiff's part should cease. In other words, the employment was during the pleasure of the defendant." (See, also, *Smith* v. *Douglass*, 4 Daly, 192, in which the case of *Lynch* v. *Stone*, 4 Denio, 356, is evidently by mistake referred to as an authority.) The same rule prevails in Massachusetts (*McCarren* v. *McNulty*, 7 Gray, 139 ; *Brown* v. *Foster*, 113 Mass., 136 ; S. C., 18 Am. R., 463) ; also in Connecticut (*Zaleski* v. *Clark*, 44 Conn., 218 ; S. C., 26 Am. R., 446).

In Vermont the rule is perhaps somewhat different, and the party who has the right to reject, if not satisfied, must act honestly and in accordance with the reasonable expectation of the other party as implied from the contract, its subject-matter and surrounding circumstances. His dissatisfaction must be actual, not feigned ; real, and not merely pretended. (*Manuf. Co.* v. *Brush*, 43 Vt., 528 ; *Daggett* v. *Johnson*, 49 id., 345.) And in New York there are some cases which if not distinguishable from those above cited look in a different direction, and some of them towards the Vermont rule, and some to the rule that the law will determine when the party ought to be satisfied. (*Folliard* v. *Wallace*, 2 Johns., 395 ; *Wetterwulgh* v. *Knickerbocker Building Assn.*, 2 Bosw., 381 ; *City of Brooklyn* v. *Brooklyn City R. R. Co.*, 47 N. Y., 475, 479 ; *Miesell* v. *Globe Mut. Life Ins. Co.*, 76 id., 115, 119 ; *The Mayor, etc., of New York* v. *Cooper*, 49 Supr. Ct. R., 409.) But whatever might be the result of an effort to distinguish or reconcile these authorities, none of them question the binding effect of such a provision as the

one in question here, giving to the employer the power to discharge the employee at any time, at least unless it should appear that the discharge was for the purpose of cheating and defrauding the employee.

Upon the trial the issue made by the averment in the complaint that defendant discharged plaintiff for the reason that his year was nearly up, and that the only reason for discharging him was to wrong, cheat and defraud him out of the said twenty-five cents a day, did not receive much attention. The case appears to have been submitted, and the verdict to have been rendered upon the issue whether the defendant had reasonable cause to discharge plaintiff, and nothing is intended in this opinion to anticipate or express any view upon the issue of fraud above referred to, or its materiality, or what should be the result of any verdict or judgment which would cover that issue.

Judgment of Erie County Court and order denying new trial reversed, and a new trial directed in that court.

BARKER, HAIGHT and BRADLEY, JJ., concurred.

Judgment and order reversed, and new trial granted in Erie county court, costs to abide event.