### CAMPBELL PRINTING-PRESS Co. *v.* THORP *et al.*

*(Circuit Court, E. D. Michigan.* October 16, 1888.)

SALE—WARRANTY—BREACH—REMEDIES.

Plaintiff agreed to sell defendants certain printing-presses, and guarantied that they should be "free from defective material or workmanship, and do their work satisfactorily." The presses did not do their work satisfactorily to the defendants, nor did they work reasonably well. Defendants did not return the presses, but sought, in an action for the agreed price, to recoup the damages sustained by them. *Held,* (1) that the obligation of the plaintiff was to furnish presses which should work satisfactorily to the defendants; (2) that the covenant was not satisfied, even if they worked reasonably well; (3) that there was no method of estimating the difference in value between the presses as they were and such as would have satisfied the defendants; (4) that defendants were bound to return the presses if not satisfactory, and that they could not recoup damages in an action for the price.[1]

At Law. On exceptions to referee's report.

Plaintiff agreed to sell to the defendants certain printing-presses, rollers, and other property connected with a printing establishment, and guarantied that the presses should be "free from defective material or workmanship, and should do their work satisfactorily." The referee, to whom the case was referred, found that neither of the three presses was satisfactory to defendants; nor did they do their work reasonably well; yet he found as a conclusion of law that the plaintiff was entitled to recover the whole agreed price, less a small sum, conceded as a set-off, upon the theory that it was the duty of the defendants to reject the presses if they were not satisfied with them, and that, having kept them, there was no

---

[1] An agreement that the purchaser of an article sold with warranty may rescind the sale if the article is not satisfactory, does not preclude him from retaining it, and recouping damages for breach of the warranty, in an action for the price. Shupe v. Collender, (Conn.) 15 Atl. Rep. 405. See, also, note, Id., as to sales on approval. On sales of machinery guarantied to work to the purchaser's satisfaction, he is the sole judge as to its satisfactory operation. Seeley v. Welles, (Pa.) 13 Atl. Rep. 736. See note, Id. See, also, Ventilator Co. v. Railway Co., (Wis.) 34 N. W. Rep. 509, and note.

method of estimating the loss they suffered by reason of their dissatisfaction; in other words, that the value of a press that should work to their satisfaction was not capable of pecuniary estimation.

*Charles A. Kent*, for plaintiff.

*W. L. Carpenter*, for defendants.

Before JACKSON, Circuit Judge, and BROWN, District Judge.

BROWN, J., (*after stating the facts as above.*) The correctness of the referee's ruling depends largely upon the proper construction of the guaranty that the presses should be free from defects of material or workmanship, and should do their work satisfactorily. There is no doubt of the general proposition that where one party agrees to do a piece of work to the satisfaction of another, the excellence of which work is wholly or in part a matter of taste, such, for instance, as a portrait, a photograph or bust, a suit of clothes, a musical instrument, or a piece of furniture, the buyer may reject it without assigning any reason for his dissatisfaction. In such case the law cannot relieve against the folly of the vendor, by inquiring whether the dissatisfaction of the vendee was based upon reasonable grounds or not. It is even doubtful whether it can inquire into the good faith of the vendee's decision. *Brown* v. *Foster*, 113 Mass. 136; *McCarren* v. *McNulty*, 7 Gray, 139; *Gibson* v. *Cranage*, 39 Mich. 49; *Hoffman* v. *Gallaher*, 6 Daly, 42; *Zaleski* v. *Clark*, 44 Conn. 218; *McClure* v. *Briggs*, 58 Vt. 82, 2 Atl. Rep. 583. The true doctrine is expressed in *McCarren* v. *McNulty*, 7 Gray, 139, 141:

"It may be that the plaintiff was injudicious or indiscreet in undertaking to labor and furnish materials for a compensation, the payment of which was made dependent upon a contingency so hazardous or doubtful as the approval or satisfaction of a party particularly in interest. But of that he was the sole judge. Against the consequences resulting from his own bargain the law can afford him no relief. Having voluntarily assumed the obligations and risk of the contract, his legal rights are to be ascertained and determined solely according to its provisions."

Other cases extend the same doctrine to contracts for the performance of labor, or for the support of another to his satisfaction. In such case the employer may be wholly dissatisfied with the character of the service rendered, or the beneficiary made exceedingly uncomfortable by his surroundings, without in either case being able to assign what the law would recognize as a sufficient reason for his dissatisfaction. It makes him, however, the sole judge of the reasonableness of his own discontent. *Taylor* v. *Brewer*, 1 Maule & S. 290; *Rossiter* v. *Cooper*, 23 Vt. 522; *Tyler* v. *Ames*, 6 Lans. 280; *Spring* v. *Clock Co.*, 24 Hun, 175; *Hart* v. *Hart*, 22 Barb. 606; *Ellis* v. *Mortimer*, 1 Bos. & P. N. R. 257.

Whether these words should receive the same construction where the suitableness of the article furnished involves no question of taste or personal feeling, but simply one of mechanical fitness to do a certain work, or accomplish a certain purpose, admits of some doubt. The authorities are not entirely harmonious, but the decided weight of authority is in favor of the construction given to it by the referee. So far as this state

is concerned, two decisions seem to put the matter entirely at rest.    In *Machine Co.* v. *Smith*, 50 Mich. 565, 15 N. W. Rep. 906, it was held that where the vendor of a harvesting-machine gave a warranty that the contract of purchase should be of no effect unless the machine worked to the buyer's satisfaction, it was held the purchaser had reserved the absolute right to reject 'the machine, and that his reasons for doing so could not be investigated.    A still stronger case is that of *Manufacturing Co.* v. *Ellis*, 35 N. W. Rep. 841.    The agreement was that a certain grain-binder should do good work and "give satisfaction."    It was held that, unless the defendant was satisfied with the machine, although it did good work, he was not bound to purchase.    See, also, *Platt* v. *Broderick*, 38 N. W. Rep. 579. In the case of *Machine Co.* v. *Chesrown*, 33 Minn. 32, 21 N. W. Rep. 846, plaintiff guarantied to furnish defendant a cord-binder guarantied to work satisfactorily.    It was held that in case, upon reasonable trial, it did not work satisfactorily, it was unnecessary for the defendant to return it to plaintiff, but it was sufficient for him, within a reasonable time, to notify plaintiff, in substance, that it did not work satisfactorily, and that he declined to accept it.,   The same ruling was made with regard to a steam-boat, in *Gray* v. *Railrood Co.*, 11 Hun, 70; with regard to a machine for generating gas, in *Aiken* v. *Hyde*, 99 Mass. 183; with regard to a fanning-mill, in *Goodrich* v. *Van Nortwick*, 43 Ill. 445; and with regard to a passenger elevator, in *Singerly* v. *Thayer*, 108 Pa. St. 291, 2 Atl. Rep. 230.    In this latter case a large number of authorities are cited by counsel and court to the same effect.    The New York cases at first blush would seem to lay down a different rule, but when carefully examined the difference is more apparent than real.    The earliest case is that of *Folliard* v. *Wallace*, 2 Johns. 395, in which one covenanted that in case the title to a lot of land conveyed to him should prove good and sufficient in law, that he would pay to a third party, three months after he should be well satisfied that the title was undisputed and good against all other claims.    It was held that the award of certain commissioners on the title in favor of the covenantor ought to satisfy him, and that it was not enough for the defendant to allege that he was not satisfied with the title without some good reason being assigned for his dissatisfaction, and that he was not to judge for himself, but that the law would determine when he ought to be satisfied.    Chancellor KENT, who delivered the opinion, observed that "if the defendant were left at liberty to judge for himself when he were satisfied, it would totally destroy the obligation, and the agreement would be absolutely void."    In *City of Brooklyn* v. *Railway Co.*, 47 N. Y. 475, an action was brought upon a covenant in which the defendant agreed to keep the pavement of certain streets in thorough repair within the tracks, etc., under the direction of such competent authority as the common council might designate.    The court held that, if the pavement were kept in thorough repair, it was sufficient, though it was kept up without direction from the competent authority designated by the common council.    "That which the law shall say a contracting party ought in reason to be satisfied with, that the law will say he is satisfied with."    A like ruling was made in *Miesell* v. *Insurance*

*Co.*, 76 N. Y. 115, with reference to the certificate of a physician in a life insurance case; and, finally, in *Boiler Co.* v. *Garden*, 101 N. Y. 387, the parties entered into a contract by which plaintiff agreed to alter certain boilers belonging to defendants, for which the defendants agreed to pay the stipulated price "as soon as they are satisfied the boilers as changed are a success." In an action to recover the contract price, the defendants claimed the question as to whether the work was a success was one alone for them to determine. This was held to be untenable, and that a simple allegation of dissatisfaction without a good reason therefor was no defense. The prior cases were quoted as settling the law in that state. None of these cases, however, related to the sale of manufactured articles. In none of them was there an opportunity for a rescission, and restoring the parties to their *statu quo*. The last case particularly is much like that of *Iron Co.* v. *Best*, 14 Mo. App. 503, hereafter cited, and is subject to the same criticism.

Notwithstanding the cases in New York, and admitting all that is claimed for them, the weight of authority as well as of reason inclines us to the opinion that the parties must stand to their contract as they have made it, and if the vendor has agreed to furnish an article that shall be satisfactory to the vendee, he constitutes the latter the sole arbiter of his own satisfaction. It is entirely well settled that if the acceptance of a machine is made dependent upon the approval of an engineer, or if a pavement is to be laid to the satisfaction of a street commissioner, or if lumber is to be scaled by an inspector, the decision of such agent, in the absence of fraud, bad faith, or clear error, is conclusive. We know of no reason of public policy which prevents parties from contracting that the decision of one or the other shall be conclusive. In the case of chattel mortgages the rule is entirely well settled that, if the mortgage provides that mortgagee may take possession whenever he deems his security unsafe, the mortgagor thereby submits himself to the judgment of the mortgagee on the question of security, and the latter is not bound to prove circumstances justifying his action. Certain cases, however, establish a reasonable modification of this rule, to the effect that the dissatisfaction must be real, and not feigned, and that the vendee is not at liberty to say he is dissatisfied when in reality he is not; in other words, that his discontent must be genuine. *Manufacturing Co.* v. *Brush*, 43 Vt. 528; *Daggett* v. *Johnson*, 49 Vt. 345; *McClure* v. *Briggs*, 58 Vt. 82, 2 Atl. Rep. 583. The same cases, however, hold that, while the vendee is bound to act honestly, it is not enough to show that he ought to have been satisfied, and that his discontent was without good reason. See, also, *Lynn* v. *Railroad Co.*, 60 Md. 404; *Railroad Co.* v. *Brydon*, 65 Md. 198, 611, 3 Atl. Rep. 306, and 9 Atl. Rep. 126. In *Manufacturing Co.* v. *Chico*, 24 Fed. Rep. 893, it was held that where, under a contract, a fire-engine was to be made and delivered which should be satisfactory to the purchaser, it must in fact be satisfactory to him, or he is not bound to take it; but that, where the purchaser was in fact satisfied, but fraudulently, and in bad faith, declared that he was not satisfied, the contract had been fully performed by the vendor, and the purchaser was bound to accept

the article. This I regard as an accurate summary of the whole law upon the subject.

Some doubt is thrown upon this case by the stipulation that the presses shall work satisfactorily, without stating the person to whom they shall be satisfactory. We think, however, that there can be but one interpretation fairly given to these words. When, in common language, we speak of making a thing satisfactory, we mean it shall be satisfactory to the person to whom we furnish it. It would be nonsense to say that it should be satisfactory to the vendor. It would be indefinite to say that it should be satisfactory to a third person, without designating the person. It can only be intended that it shall be satisfactory to the person who is himself interested in its satisfactory operation, and that is the vendee. This was the view taken of similar words in *Taylor* v. *Brewer*, 1 Maule & S. 290; *Machine Co.* v. *Chesrown*, 33 Minn. 32, 21 N. W. Rep. 846; and in *Singerly* v. *Thayer*, 108 Pa. St. 291, 2 Atl. Rep. 230. The case of *Iron Co.* v. *Best*, 14 Mo. App. 503, is clearly distinguishable from the cases last cited. In this case defendant agreed to build an air-furnace in plaintiff's warehouse, according to a plan to be furnished by himself. The furnace thus became attached to the freehold of the plaintiff, and was incapable of severance. It was a structure into which the plaintiff had put all the materials and the defendant had put all the labor. Defendant could not take away the materials, because they were not only attached to plaintiff's freehold, but actually belonged to him. His labor was gone, and could not be recalled. To permit the plaintiff, under such circumstances, to refuse to pay, if in fact the furnace worked reasonably well, and at the same time to retain the fruits of defendant's labor, would have been an unwarrantable extension of the doctrine applied to machines or articles of manufacture which can be rejected. The court very properly held that the covenant was satisfied if the furnace worked reasonably well. Conceding, then, that the plaintiff was bound to furnish presses that should work satisfactorily to the defendants, it is very evident that they were not satisfied with their operation, and that they had reasonable grounds for their dissatisfaction, as the referee finds that the presses neither worked to their satisfaction, nor reasonably well. This undoubtedly gave them the power to reject the machines. Instead of doing this, however, they kept them, and now seek to recoup their damages by reason of their failure to work as they ought to. Had the covenant been that the presses should work well, we should have no doubt that the defendants might have recouped such damages, and that the referee would have found them capable of estimation. These damages would have been the difference in value between presses which would work reasonably well and those which were actually furnished. But in attempting to apply the same rule in the present case, we encounter a formidable difficulty from the impossibility of fixing the value of machines which shall work to the satisfaction of the defendants. It will not do to say that such value is to be gauged by that of a machine which shall work reasonably well, because such a press might not have been satisfactory to the vendee, or he might have been content with one which would not have worked to the satis-

faction of experts in the business. We think that, having elected to retain the presses, they are bound to pay the full price for them. The exceptions to the referee's report will therefore be overruled, and judgment entered upon his finding.