## ROBERT CRIGLER v. ROBERT BLAIR.

TITLE TO BUYER'S SATISFACTION—BUYER THE SOLE JUDGE.

When a contract is entered into for the purchase of land, "if on examination it prove to be as represented by the seller;" and after examining it, the purchaser expressed his satisfaction with the character of the land, and added that he would take it, provided "a satisfactory title and abstract be furnished," to which the seller agreed; held, that this became part of the original contract, and was upheld by the same consideration, and that the purchaser will not be compelled to take the property unless "the title and abstract are satisfactory" to him. By the terms of the contract the parties have made him the sole judge as to that matter.

ON APPEAL from the Court of Common Pleas of Hamilton county.

Cox, J.

These parties entered into an agreement, whereby Crigler was to exchange property in Birmingham, Ala., for property in this city belonging to Blair. The agreement was conditioned upon the property in Birmingham proving upon inspection by Blair to be as represented by Crigler. The inspection satisfied Blair as to the character of the property, and he so stated upon his return, but he then added a second condition to the agreement for an exchange, which provided that "a satisfactory title and abstract be furnished." To this further condition the plaintiff acceded. In suing for a specific performance of the contract, the plaintiff set up the claim that the agreement for an exchange was completed on the day when defendant contracted to make the exchange on condition that he found the property, upon inspection, to be as represented. For the subsequent condition, requiring that "a satisfactory title and abstract be furnished," it was claimed that the plaintiff received no consideration, and was therefore not bound.

The court finds that a contract was concluded on the date claimed by the plaintiff, but as the subsequent condition as to the title was assented to by the plaintiff, it became part of the original contract, and there was consideration for it.  We find, also, that no satisfactory abstract of title was furnished the plaintiff, and the one which was furnished does not show such a title in him as the defendant was bound to accept.

The purchaser was by the parties made the judge as to the satisfactory character of the title and abstract, and if not satisfactory to him he cannot be compelled to take it.  Wharton on Contracts, 593; 27 Am. Law Reg., 576 and note on 578; Sargent v. Sibley, 6 Dec. R., 1219 (s. c., 13 Am. Law Rec., 33; 11 B., 177); 113 Mass., 136; 39 Mich., 49; 45 Mo., 80-82; 8 Ch. Div., 670, *et seq.;* 44 Conn., 218.

Milton Sater and J. A. Jordan, for plaintiff.

Sayler & Sayler, for defendant.