YOUNG BROS. MACHINE CO. *v.* YOUNG.

SALE—CONDITION PRECEDENT—WAIVER—RECOUPMENT.

The purchaser of a machine under a contract which provided that the seller should furnish a bond, satisfactory to the purchaser, to indemnify the latter against litigation with another manufacturer on account of an alleged infringement of patent, who accepted the machine, used it for several months, and refused to return it when the seller offered to take it back, cannot avoid payment because the seller did not furnish a satisfactory bond, but is limited to the right to recoup the damages sustained because of the seller's failure to perform that part of the contract.

Error to Bay; Maxwell, J. Submitted October 20, 1896. Decided December 9, 1896.

*Assumpsit* by the Young Brothers Machine Company against Walter D. Young and another for goods sold and delivered. From a judgment for defendants on verdict directed by the court, plaintiff brings error. Reversed.

*J. L. Stoddard*, for appellant.

*T. A. E. & J. C. Weadock*, for appellees.

HOOKER, J. The plaintiff furnished to the defendants a machine called a "sander," upon defendants' promise to pay $350 in money and an old sander, which had been in use in their factory. In the action which was brought for the money consideration, the defense is made that plaintiff, as part of the contract, agreed to indemnify the defendants against litigation with another manufacturer, by a letter or bond which should be satisfactory to the defendants. The contract consisted of correspondence. The defendants wrote on June 17th, as follows, viz. :

"But the Berlin Machine Co., of Beloit, Wis., represented by Mr. Forbes, one of their company, informs us that you were infringing on their patents, and that it would only be a question of time before we would be liable, if we bought one of your machines. Now, if you can furnish us with satisfactory letter or bonds that you will protect us in any such case, we will give you the order for the sander, and would like to have you ship it as quickly as possible."

Plaintiff replied as follows, viz. :

"If you can wait about two weeks, we will furnish you machine, and will indemnify you fully against all interference from Berlin Machine Co."

To this the defendants answered, as follows, viz. :

"Please rush the sander as quickly as possible, as per our former correspondence."

On November 19th, plaintiff sent a statement of account, with a bond for $1,000, signed by the plaintiff company. On November 23d, the receipt of this letter was acknowledged, and plaintiff was informed that Mr. W. D. Young was absent, and expected home the first of the next week, and that the matter would be placed before him as soon as he should return. On November 30th plaintiff wrote, asking remittance. No attention was paid to this letter, and on December 5th plaintiff drew on the defendants, notifying them by letter. On December 7th the defendants wrote that they could not pay the draft, as they had not had opportunity to go over the bond question with their attorney, signifying willingness to settle as soon as they could see their attorney, and have the bond question fixed satisfactorily to them, and asking a recall of draft. On December 10th they returned the $1,000 bond, asking a bond for $5,000, signed by two satisfactory sureties, who should have a proper rating. On December 14th plaintiff declined to furnish this, saying that the request was unreasonable, and asking a return of the machine. This the defendants refused, claiming a right to the benefit of their contract. Thereupon this action was brought.

The judge directed a verdict for the defendants, on the ground that, before the plaintiff could recover, it must prove that the bond was sufficient in amount, and the sureties good; and he did this notwithstanding the fact that counsel for the plaintiff offered to prove such facts, and also to prove other items of account against the defendants.

We are of the opinion that the court erred. If it be conceded that the defendants were entitled to demand a bond as a condition precedent to the acceptance of the machine, it is too late to insist upon such condition after taking and using the machine for several months, and they should be limited to the right to recoup such damages as they have sustained by reason of the failure of the plaintiff to perform that part of the contract. They

have deliberately elected to keep the machine, have used it for a long period of time, and refused to return it when plaintiff offered to take it back. It is not stated that the defendants have experienced any difficulty, and apparently they were willing to accept and keep the machine in silence, until asked to pay for it, and then seek to avoid payment upon the ground that a condition— very hard, if not unreasonable—was not complied with. Mr. Beach says:

"But to permit a party under all circumstances to refuse to pay because dissatisfied, and at the same time to retain the fruits of the agreement, is an unwarrantable extension of the doctrine applied to machines or articles of manufacture which can be rejected. Therefore in all cases, if the party relies upon dissatisfaction as a defense, he must rescind the agreement and restore the *status quo.*" 1 Beach, Cont. § 106.

Such cases were those cited by counsel for the defendants; *i. e.*, cases where acceptance was refused.

But we do not find it necessary to go to the extent of saying that defendants should be deprived of the benefit of their contract, as appears to have been held in the case of *Campbell Printing-Press Co.* v. *Thorp*, 36 Fed. 414, which was apparently a Michigan contract. It is sufficient to say that the contract has been performed in a substantial part by the plaintiff, and the defendants have accepted and had the benefit of part performance, and they should not be permitted to rely upon the performance of the residue as a condition precedent to liability. Upon this point the author says:

"Conditions precedent must be performed in order to make the conditional promise absolute. But, after the one party has performed the contract in a substantial part, and the other party has accepted and had the benefit of the part performance, the latter may thereby be precluded from relying upon the performance of the residue as a condition precedent to his liability. In such case he must perform the contract on his part, and must rely upon his claim for damages in respect of the defective

performance. 'It is remarkable that according to this rule the construction of the instrument may be varied by matter *ex post facto;* and that which is a condition precedent when the deed is executed may cease to be so by the subsequent conduct of the covenantee in accepting less. This is no objection to the soundness of the rule, which has been much acted upon. But there is often a difficulty in its applications to particular cases, and it cannot be intended to apply to every case in which a covenant by the plaintiff forms only a part of the consideration, and the residue of the consideration has been had by the defendant. That residue must be the substantial part of the contract.'" 1 Beach, Cont. § 107.

And see cases cited in note. See, also, Clark, Cont. 676, and note.

The judgment of the circuit court is reversed, and a new trial ordered.

The other Justices concurred.