## PERFORMANCE TO THE "SATISFACTION" OF A PARTICULAR PERSON.

Common Pleas Court of Hamilton County.

FRANK J. RUTTERER v. FRANK B. STEWART, TRUSTEE.

Decided, December 3, 1914.

*Contract of Employment—To Continue as Long as Work is Satisfactory—Discharge Must be Based on Reasonable Grounds—Ohio Rule Apparently Not in Harmony With That in Other States.*

In view of the uncertainty in Ohio as to the test which shall be applied where agreements are to be performed to the satisfaction of a particular individual and he seeks to terminate the contract on the ground of dissatisfaction, a nisi prius court will follow the latest expression of the circuit courts, which requires that the dissatisfaction be reasonable and not arbitrary.

*Stephens, Lincoln & Stephens,* for the motion.
*Dolle, Taylor & O'Donnell,* contra.

MAY, J.

The principal ground of error urged is the refusal of the court to give the defendant's special charge to the effect that if Stewart was acting in good faith in saying that Rutterer's work was not satisfactory, and therefore discharged him, there could be no liability.

It is likewise urged that the court erred in its general charge in instructing the jury that Stewart would be justified only in

discharging Rutterer because of his dissatisfaction, if a reasonable person under similar circumstances would have been dissatisfied.

If the question were an open one in this circuit and state, the grounds of error alleged would be well taken.

Under the contract Rutterer was to be employed "as long as his work was satisfactory." Of course this meant "satisfactory" to Stewart.

The weight of authority outside of the state of Ohio is to the effect that the employer must act in good faith, honestly, without caprice or whim—not arbitrarily.    See Labatt Master and Servant, 2d Edition, Sections 198 and 199 and cases there cited. The same author says, Vol. 1, page 630:

"The position taken in Ohio is that the dissatisfaction which will warrant a discharge must be a reasonable dissatisfaction and not an arbitrary one, and that the good faith of the master in claiming the services to be unsatisfactory will not render the discharge justifiable if the services as performed were such as ought to have been satisfactory to a reasonable employer." Citing *Lake Erie & W. R. R.* v. *Tierney*, (1905), 8 O.C.C.(N.S.), 521; affirmed without report, 75 Ohio St., 565.

"This decision" says the learned author, "is obviously opposed to the general current of authority."

Our own circuit court in *Highland Buggy Company* v. *Parker*, 5 C.C.(N.S.), 383, where a salesman was to promote the interests of the buggy company "all to its satisfaction," said at page 385:

"The dissatisfaction which would warrant the company in terminating the contract could not depend upon mere whim or caprice, but upon such facts as would warrant *a reasonable person* in the conclusion that the services of the salesman were not promoting either directly or indirectly the interests of his employer."

The language used by the Allen county circuit court in the Tierney case, and our circuit court in the Highland Buggy Company case is opposed to the earlier opinions of our own and other circuit courts.

In *Crigler* v. *Blair*, 4 C. C., 324, Cox, J., speaking for Judges Smith, Swing and himself, held, that where there was to be an exchange of property provided a "satisfactory title and abstract be furnished," that the person to whom such title and abstract were to be furnished was the sole judge of the satisfactory character of the same.

And in *Karsner* v. *Union Central Life Insurance Company*, 12 C. C., 394, it was held:

"Where the contract between an insurance company and one of its agents for a fixed period of years, provides that whenever the amount of the new business done by the agent is in the opinion of its officers unremunerative, or when the business of the company is not conducted in a manner satisfactory to the officers they may cancel the contract, it is for the officers alone to decide if acting in good faith, when the condition arises for such cancellation."

Judge Price who wrote the opinion of the circuit court cites and quotes from the following cases: *Brown* v. *Foster*, 113 Mass., 136; *Gibson* v. *Canage*, 39 Mich., 49; *Zaleski* v. *Clark*, 44 Conn., 218; and yet, Judge Price concurred with Shauck, C. J., Crew, Summers, Spear and Davis, making a unanimous bench, in affirming the judgment of the Allen county circuit court in *Lake Shore & W. R. R.* v. *Tierney*, reported in 8 C.C.(N.S.), 521. See 75 Ohio St., 566. An examination of the railroad company's brief, at page 13, in that case shows that the cases quoted by Judge Price in his opinion in the circuit court (12 C. C., 394), were cited to the Supreme Court in the Tierney case.

But it is urged by counsel for the defendant that this court is not bound by an unreported case in the face of the decision of the Supreme Court in the chattel mortgage cases, *Barrett* v. *Hart*, 42 Ohio St., 41, where it was held that under a chattel mortgage providing that a mortgagee might take possession whenever he deemed himself in danger of losing his debt, he could do so if acting in good faith. It seems, however, that the Supreme Court has used language in later cases which throw some doubt upon this question of what test is to be applied where agreements are to be performed to the satisfaction of a particular person.

Leaving out of consideration the affirmance of the Tierney case by the court without report, what effect then is to be given to the language of the Supreme Court in *Ashley* v. *Henehan,* 56 Ohio St., 559, at page 570:

"He (plaintiff) might, however, as suggested above on an averment suppported by evidence that the architect had fraudulently or unreasonably refused his certificate, recover by showing a substantial performance of the work as required by the contract."

This opinion of the Supreme Court was followed and applied by the Lucas county circuit court in *Wicker* v. *Messinger,* 22 C. C., 715.

Inasmuch as there seems to be a conflict of opinion both in the Supreme Court and in the circuit courts, sitting as a nisi prius judge, I am of the opinion that I am bound to follow the latest expression of the circuit courts where the latter have been affirmed by the Supreme Court, though without report. As stated at the outset of this opinion, if this was an open question in this state I would have no hesitancy in following the earlier opinion of our circuit court, as well as the opinion of Judge Price in *Karsner* v. *Union Central Life Insurance Company, ubi supra,* and hold that when a contract is to be performed to the satisfaction of another the only test is whether such other person has acted in good faith in expressing his dissatisfaction.

The law of Ohio should not differ from the general current of authority elsewhere, but it is not for this court in the face of the decisions above set forth to reverse the appellate courts. If the appellate courts are to be reversed, they and they alone have the authority to do so.

For these reasons the motion for a new trial will be overruled.