## HARTMANN BROS., Inc., v. GREEN & HICKEY LEATHER CO.

### (Circuit Court of Appeals, First Circuit.   July 15, 1924.)

### No. 1763.

Joint adventures ⊜➞4(1)—Agreement construed as to right to terminate and charge party with loss, etc.

Where a contract between the parties provided for the handling by plaintiff of a large quantity of hides on joint account, profits or losses to be shared equally, but without providing how long the contract should continue, fixed a price below which plaintiff should not sell without defendant's consent, plaintiff could not terminate the contract until the lapse of a reasonable time, nor could it charge defendant with one-half the loss resulting from sales below the agreed price without proof that defendant unreasonably withheld its consent.

In Error to the District Court of the United States for the District of Massachusetts; John A. Peters, Judge.

Action at law by Hartmann Bros., Incorporated, against the Green & Hickey Leather Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Lee M. Friedman, of Boston, Mass. (Percy A. Atherton and Friedman, Atherton, King & Turner, all of Boston, Mass., on the brief), for plaintiff in error.

George S. Taft, of Worcester, Mass., for defendant in error.

Before BINGHAM and JOHNSON, Circuit Judges, and HALE, District Judge.

BINGHAM, Circuit Judge. The last of January, 1920, the plaintiff. and defendant entered into an agreement whereby the former was to refinance a purchase of 630 bales of hides, which the defendant had made, and handle them on joint account. The plaintiff was to sell the hides on commission, and the profit or loss was to be divided equally between them. Prices below which the goods should not be sold without the consent of the defendant were agreed upon, but no time was specified within which the contract should terminate. Shortly after making the contract, some of the hides were sold at a less price than that originally agreed upon; the plaintiff having procured the defendant's consent. Later the market broke, and continued to decline until this suit was brought. In June, 1920, the plaintiff requested the defendant to leave the matter of prices entirely in its hands, or to divide up the hides equally, with the right in the plaintiff to sell its portion at any price it chose and to sell the defendant's portion at such figure as the defendant should fix, and stating that it had financed the transaction up to September 7; that if, on that date, the defendant's share was unsold, it would expect the defendant to arrange to finance its half. To all this the defendant declined to agree. Thereafter correspondence passed between the parties, the plaintiff seeking defendant's consent to sell on the market, and the defendant refusing such consent, down to October 15, when the plaintiff notified the defendant

⊜➞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that it terminated the contract. Thereafter plaintiff sold the hides, and, on January 10, 1921, notified the defendant that they had been sold; that the net loss on the joint account was $114,800.22; and that defendant's share of the loss was $57,400.11. Payment of this sum being refused, this suit was brought on the contract to recover the same.

In the District Court it was found, as above stated, that prices were agreed to below which the hides should not be sold without the consent of the defendant having been first obtained, and that there was no evidence from which it could be found that the defendant had unreasonably maintained an attitude of nonconsent, or that a reasonable time had elapsed before the attempted termination of the contract. Having found these facts, judgment was entered for the defendant, from which this writ of error is prosecuted.

The plaintiff's first contention is that a proper construction of the correspondence between the parties in relation to the contract shows that the court below erred in construing it as it did; that it should have been construed to mean that, if the plaintiff purposed to sell the hides or any of them for less than the prices fixed, it should first notify the defendant, so that it could purchase the same at such prices, if it desired.

But we agree with the court below that this contention is without merit, and that the plaintiff had no right to sell the hides at prices less than those fixed upon in the contract without first procuring the defendant's consent.

The plaintiff further contends that, inasmuch as no time limit was mentioned for the performance of the contract, either party had a right to terminate it at any time upon notice to the other. It is true that the contract mentions no time within which it was to be performed, but as it concerned a single transaction the implication is that it was to continue for such length of time as was reasonably necessary to complete the transaction upon which the parties had entered and upon the terms agreed. There was no evidence that the defendant had unreasonably withheld its consent to prices less than the agreed prices, if the latter could be said to constitute a breach of contract, which is doubtful. American Music Stores v. Kussel, 232 Fed. 306, 146 C. C. A. 354, L. R. A. 1916F, 882; Barnett v. Beggs, 208 Fed. 255, 259, 125 C. C. A. 455; Brown v. Foster, 113 Mass. 136, 18 Am. Rep. 463.

We are therefore of the opinion that the District Court was right in holding that the plaintiff had failed to make out its case.

We do not find it necessary to consider the question of ultra vires.

The judgment of the District Court is affirmed, with costs to the defendant in error.